## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L.J. ZUCCA, INC.

          Plaintiff,

          v.

ALLEN BROS. WHOLESALE
DISTRIBUTORS INC., COOPER-BOOTH
WHOLESALE COMPANY, EBY-BROWN
COMPANY, LLC, and KLEIN CANDY
CO. LP,

          Defendants.

CIVIL ACTION NO. _____

Removed from Superior Court,
New Castle County, Delaware
C.A. No. 2572-N

**NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441(a)**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Cooper-Booth Wholesale Company, by and through its undersigned counsel, and with the written consent of the other defendants, hereby removes this action from the Court of Chancery of the State of Delaware in and for New Castle County to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1441, 1446, on the following grounds:

### PARTIES

1.    Plaintiff L.J. Zucca, Inc. is a New Jersey corporation with its principal place of business at 760 S. Delsea Drive, Vineland, New Jersey at the time the underlying complaint was filed.

2.    Defendant Allen Bros. Wholesale Distributors Inc. is a Pennsylvania corporation with its principal place of business at 120 West Erie Ave., Philadelphia, Pennsylvania at the time the underlying complaint was filed.

3.     Defendant Cooper-Booth Wholesale is a Pennsylvania limited partnership with its principal place of business at 100 West Drive, Mountville, Pennsylvania.  Each of the partners was a citizen of the Commonwealth of Pennsylvania at the time the underlying complaint was filed.

4.     Defendant Eby-Brown Company LLC is a Delaware limited liability company with its principal place of business at 280 West Shuman Blvd., Suite 280, Naperville, Illinois. None of the members was a citizen of the State of Delaware or of the State of New Jersey at the time the underlying complaint was filed.

5.     Defendant Klein Candy Co. LP, now known as Western Skier Ltd., is a Pennsylvania limited partnership with its principal place of business at 530 Butler Street, Kingston, Pennsylvania.  Each of the partners/members was a citizen of the Commonwealth of Pennsylvania at the time the underlying complaint was filed.

## STATUS OF PROCEEDINGS

6.     On or about November 22, 2006, Plaintiff L.J. Zucca, Inc. filed a Verified Complaint against Defendants Allen Bros. Wholesale Distributors Inc., Cooper-Booth Wholesale Company, Eby-Brown Company LLC, and Klein Candy Co. LP in the Court of Chancery of the State of Delaware in and for New Castle County, Civil Action No. 2572-N.

7.     Service of the Verified Complaint was made on Defendant Cooper-Booth Wholesale Company no earlier than December 4, 2006.

8.     The Verified Complaint asserts claims against the defendants for violation of the Delaware Unfair Cigarette Sales Act (Count I), tortious interference with existing contracts (Count II), tortious interference with prospective economic advantage (Count III), unfair competition (Count IV), and injunctive relief (Count V).

2

9.     All state-court papers served on Defendant Cooper-Booth Wholesale Company at the time of removal are attached.  Those papers consist of:

    (a)     a Notice of Service (Exhibit A);

    (b)     a Return of Service (Exhibit B);

    (c)     a Summons (Exhibit C);

    (d)     a Motion for Appointment of Special Process Servers (Exhibit D);

    (e)     an Order Appointing Special Process Servers (Exhibit E); and

    (f)     a Verified Complaint (Exhibit F).

## BASIS FOR ORIGINAL JURISDICTION

10.     This Notice of Removal is timely under 28 U.S.C. § 1446(b).  It is filed within 30 days of service of the Verified Complaint upon Defendant Cooper-Booth Wholesale Company.

11.     Original jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332.  This case satisfies the federal court's diversity jurisdiction under 28 U.S.C. § 1332 because the parties are diverse within the meaning of 1332(a) and the amount in controversy against each separate defendant exceeds the sum or value of $75,000, exclusive of interest and costs.

12.     Therefore, this is an action over which this Court would have had original jurisdiction had it been filed initially in this Court, and removal to this Court is proper under 28 U.S.C. § 1441(a).

13.     Attached as Exhibit G is Defendant Allen Bros. Wholesale Distributors Inc.'s Joinder in Removal.

14.     Attached as Exhibit H is Defendant Eby-Brown Company LLC's Joinder in Removal.

15.     Attached as Exhibit I is Defendant Klein Candy Co. LP's, now known as Western Skier Ltd., Joinder in Removal.

3

16.     Written notice of the filing of this Notice of Removal, the exhibits hereto and the Notice of Filing of the Notice of Removal was, or will be given to plaintiff's counsel by hand delivering to them copies hereof this 3rd day of January, 2007.  A copy of the Notice of Filing of Notice of Removal, which has been or will be filed with the Register of the Court of Chancery of the State of Delaware, in and for New Castle County, is attached as Exhibit J hereto.

WHEREFORE, Defendant Cooper-Booth Wholesale Company removes this action from the Court of Chancery in and for New Castle County to the United States District Court for the District of Delaware.

Respectfully submitted,

BLANK ROME LLP

Dated: January 3, 2007

David K. Sheppard, Esquire (I.D. No. 4149)
1201 Market Street, Suite 800
Wilmington, DE 19801
Phone: (302) 425-6400
Fax     (302) 425-6464

AND

Stephen M. Orlofsky, Esquire
Kit Applegate, Esquire
210 Lake Drive East, Suite 200
Woodland Falls Corporate Park
Cherry Hill, New Jersey 08002
Phone: (856) 779-3600
Fax:    (856) 779-7647

4

L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.

EXHIBIT A TO NOTICE OF REMOVAL

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

L.J. ZUCCA, INC.,                                  :
                                                   :
                                                   :
                    Plaintiff,                     :
                                                   :
                                                   :
          v.                                       :        C.A. No.  2572-N
                                                   :
ALLEN BROS. WHOLESALE                              :
DISTRIBUTORS INC.; COOPER-BOOTH                    :
WHOLESALE COMPANY; EBY-BROWN                       :
COMPANY LLC; and KLEIN CANDY CO. LP;:
                                                   :
                    Defendants.                    :

## NOTICE

TO:    Cooper-Booth Wholesale Company
       100 Lincoln West Drive
       Mountville, Pennsylvania 17554

       You are hereby noticed under 10 Del. C. § 3104(d) that the original of the enclosed

Summons and Complaint was served upon the Secretary of State of Delaware.  You are also

given notice that under 10 Del. C. § 3104(d), such service is as effectual to all intents and

purposes as if it had been made upon you personally within the State of Delaware.

                              SAUL EWING LLP


                              Kimberly M. Large, Esquire (DE ID #4422)
                              222 Delaware Avenue, Suite 1200
                              P.O. Box 1266
                              Wilmington, DE  19899
                              (302) 421-6800
                              Attorneys for Plaintiff

Dated: December 19, 2006

543516.1 12/19/06

L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.

EXHIBIT B TO NOTICE OF REMOVAL

# *RETURN OF SERVICE*

**CASE NO:**      2572-N

**SERVED:**      ALLEN BROS. WHOLESALE DISTRIBUTORS, INC., COOPER-BOOTH
WHOLESALE COMPANY & KLEIN CANDY CO. LP

**DOCUMENT:**      SUMMONS & COMPLAINT

**ADDRESS:**      C/O THE DELAWARE SECRETARY OF STATE  DOVER, DE

**DATE:**      12/04/06

## MANNER OF SERVICE

☒   **PERSONAL:**      ACCEPTED BY:   K. CHARBUNNEAU

☐   **SUBSTITUTE:**

☐   **NO SERVICE:**

GRANVILLE MORRIS

BRANDYWINE PROCESS SERVERS, LTD
PO BOX 1360
WILMINGTON DE 19899
302-475-2600

SWORN TO BEFORE ME ON   12/04/06

NOTARY PUBLIC

*KEVIN DUNN*
*NOTARY PUBLIC*
*STATE OF DELAWARE*
*MY COMMISSION EXPIRES NOV. 23, 2010*

*BRANDYWINE PROCESS SERVERS, LTD  PO BOX 1360  WILMINGTON, DE 19899*

**302-475-2600**

**L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.**

EXHIBIT C TO NOTICE OF REMOVAL

**ORIGINAL**

SUMMONS

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| L.J. ZUCCA, INC., | CIVIL ACTION NO. .2572-N |
| Plaintiff, | SUMMONS |
| v. | |
| ALLEN BROS. WHOLESALE DISTRIBUTORS INC.; COOPER-BOOTH WHOLESALE COMPANY; EBY-BROWN COMPANY LLC; and KLEIN CANDY CO. LP, | |
| Defendants. | |

**TO THE** SPECIAL PROCESS SERVER:

**YOU ARE COMMANDED:**

   To Summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon

Kimberly Large, Esquire_____, plaintiff's attorney whose address is 222 Delaware Avenue, Suite 1200, P.O. Box 1266 Wilmington, Delaware 19899,_____ an answer to the complaint.

   To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

   In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

*Patricia B. Randolph*

Dated December 1, 2006_____    _____
                                    Register in Chancery

L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.

EXHIBIT D TO NOTICE OF REMOVAL



EFiled: Dec 1 2006 10:30AM EST
Transaction ID 13063268

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

L.J. ZUCCA, INC.,                                          :

                         Plaintiff,                :

                  v.                          :          C.A. No. 2572-N

ALLEN BROS. WHOLESALE                           :
DISTRIBUTORS INC.; COOPER-BOOTH      :
WHOLESALE COMPANY; EBY-BROWN        :
COMPANY LLC; and KLEIN CANDY CO. LP,:

                  Defendants.              :

### MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVERS

Plaintiff hereby moves pursuant to Chancery Court Rule 4(c) upon the Verified

Complaint filed in this action for an Order pursuant to Chancery Court Rule 4 appointing any

employee or agent of Saul Ewing LLP as Special Process Servers for the purpose of serving

Plaintiff's Verified Complaint and related suit papers on the Defendants.  Service shall be made

upon Defendant Eby-Brown Company LLC c/o Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, DE 19801.  Service shall be made upon Defendants

Allen Bros. Wholesale Distributors Inc., Cooper-Booth Wholesale Company, and Klein Candy

Co. LP, by serving the Secretary of State of Delaware pursuant to 10 *Del. C.* § 3104 at 401

Federal Street, Suite 3, Dover, DE 19901.  Service through the Secretary of State may be

effectuated on these defendants via registered mail, return receipt requested as follows: (1) Allen

Bros. Wholesale Distributors Inc. at 120 West Erie Avenue, Philadelphia, PA 19104-2725; (2)

Cooper-Booth Wholesale Company at 100 Lincoln West Drive, Mountville, PA  17554; and (3)

Klein Candy Co. LP at 100 West End Road, Wilkes-Barre, PA  18702.

The Summonses shall be prepared by the Register in Chancery.

**SAUL EWING LLP**

Michael F. Bonkowski (No. 2219)
Kimberly M. Large (No. 4422)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6800

Counsel for L.J. Zucca, Inc.

Dated: December 1, 2006

**L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.**

**EXHIBIT E TO NOTICE OF REMOVAL**

EFiled: Dec 1 2006 10:30AM EST
Transaction ID 13063268

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

L.J. ZUCCA, INC.,                              :
                                              :
                                              :
             Plaintiff,                       :
                                              :
         v.                                   :          C.A. No. 2572-N
                                              :
ALLEN BROS. WHOLESALE                         :
DISTRIBUTORS INC.; COOPER-BOOTH              :
WHOLESALE COMPANY; EBY-BROWN                 :
COMPANY LLC; and KLEIN CANDY CO. LP,:
                                              :
             Defendants.                      :

## ORDER APPOINTING SPECIAL PROCESS SERVERS

IT IS HEREBY ORDERED this ⎿ day of December , 2006, that any employee

or agent of Saul Ewing LLP is hereby appointed Special Process Servers for the purpose of

serving the Plaintiff's Verified Complaint and other related suit papers requiring service upon

Defendants Allen Bros. Wholesale Distributors Inc., Cooper-Booth Wholesale Company, and

Klein Candy Co. LP, by serving the Secretary of State, pursuant to 10 *Del. C.* § 3104, and for the

purpose of serving the Plaintiff's Verified Complaint and other related suit papers requiring

service upon Defendant Eby-Brown Company LLC. The Summonses shall be prepared by the

Register in Chancery.

_____
                Master in Chancery

DATED: December 1, 2006

542111.2 12/1/06

L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.

**EXHIBIT F TO NOTICE OF REMOVAL**

EFiled: Nov 22 2006 1:55PM EST
Transaction ID 12996916

## SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(A)
## OF THE RULES OF THE COURT OF CHANCERY

The information contained herein is for the use by the Court for statistical and administrative purposes only. Nothing stated herein shall be deemed an admission by or binding upon any party.

1. Caption of Case: **L.J. Zucca, Inc. v. Allen Bros. Wholesale Distributors Inc.; Cooper-Booth Wholesale Company; Eby-Brown Company LLC; and Klein Candy Co. LP.**

2. Date Filed:    **November 22, 2006**

3. Name and address of counsel for plaintiff: **Michael Bonkowski, Esquire, and Kimberly M. Large, Esquire, Saul Ewing, LLP, 222 Delaware Avenue, P.O. Box 1266, Wilmington, DE 19899, (302) 421-6800**

4. Short statement and nature of claim asserted: **Zucca seeks preliminary and permanent injunctive relief as well as damages for the defendants' continuing breaches of the Delaware Unfair Cigarette Sales Act and related torts.**

5. Substantive field of law involved (check one):

   ☐ Administrative law
   x Commercial law
   ☐ Constitutional law
   ☐ Corporate law
   ☐ Guardianships
   ☐ Labor law
   ☐ Real property

   ☐ Trade secrets/trade mark/ or other
       intellectual property
   ☐ Trusts
   ☐ Wills and estates
   ☐ Zoning
   ☐ Other

6. Related case(s): **None known.**

7. Basis of court's jurisdiction (including the citation of any statute conferring jurisdiction): **6 Del. C. § 2607, among others**

8. If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought: **Preliminary and permanent injunction**

9. If the complaint seeks summary or expedited proceedings, check here ☐

Michael F. Bonkowski (No. 2219)

542669.1 11/22/06

EFiled: Nov 22 2006 1:55PM EST
Transaction ID 12996916

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

L.J. ZUCCA, INC.,          :
                                :
                                :
        Plaintiff,       :
                                :
       v.              :     C.A. No. _____
                                :
ALLEN BROS. WHOLESALE     :
*DISTRIBUTORS INC.; COOPER-BOOTH*  :
WHOLESALE COMPANY; EBY-BROWN  :
COMPANY LLC; and KLEIN CANDY CO. LP;:
                                :
        Defendants.     :

## VERIFIED COMPLAINT

Plaintiff, L.J. Zucca, Inc. ("Zucca"), by its undersigned counsel, brings this complaint against the Defendants, and as grounds therefore states as follows:

## PRELIMINARY STATEMENT

By way of its Verified Complaint, Zucca seeks, *inter alia*, a Preliminary and Permanent Injunction to prevent Defendants' continuing breaches of the Delaware Unfair Cigarette Sales Act, as well as awarding Zucca its damages for the Defendants' torts against Zucca. Zucca and the Defendants are wholesalers of cigarettes, as defined by the Unfair Cigarette Sales Act and other cigarette laws. The Unfair Cigarette Sales Act promotes fair competition between wholesalers. The Defendants, Zucca's competitors, have sold and continue to regularly sell cigarettes below their cost and the minimum prices prescribed by applicable laws, with the intent to remove or substantially lessen competition in Delaware by, *inter alia*: (1) giving retailers free merchandise and "miscellaneous credits," (2) presenting retailers with invoices facially at full price but with the understanding that they need not be paid in full, and (3) delivering cash-filled

envelopes, as well as checks and credit memos, to retailers as purported rebates. Zucca therefore asks the Court to:

(1)   enjoin Defendants from violating the Unfair Cigarette Sales Act, by specifically enjoining them from selling cigarettes below regulated minimum prices or their costs, and enjoining them from acting to lower the expense incurred by their customers to buy cigarettes below the regulated minimum prices or their costs;

(2)   award Zucca such compensatory damages as are required by law and equity for Defendants' breaches of the Act, their unfair competition, and their tortious interference with Zucca's existing contracts and prospective economic advantages;

(3)   award Zucca punitive damages; and

(4)   award Zucca its costs, attorney's fees and such other relief as the Court deems reasonable and proper.

## THE PARTIES

1.     Plaintiff Zucca is a New Jersey corporation with its principal place of business at 760 S. Delsea Drive, Vineland, New Jersey 08362-1447.

2.     Defendant Allen Bros. Wholesale Distributors Inc. is a Pennsylvania corporation with its principal place of business (and its registered agent) at 120 West Erie Avenue, Philadelphia, PA 19104-2725.

3.     Defendant Cooper-Booth Wholesale Company is a Pennsylvania limited partnership with its principal place of business (and its registered agent) at 100 Lincoln West Drive, Mountville, PA 17554.

4.     Defendant Eby-Brown Company LLC is a Delaware limited liability company with its principal place of business at 280 West Shuman Boulevard, Suite 280, Naperville, IL

60566-7067. Defendant Eby-Brown may be served care of its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5.      Defendant Klein Candy Co. LP is a Pennsylvania limited partnership with its principal place of business (and its registered agent) at 100 West End Road, Wilkes-Barre, PA 18702.

6.      Each of the defendants is a wholesale distributor of cigarettes and other consumer products.

### Jurisdiction and Venue

7.      This Court has personal jurisdiction over each of the defendants, since each has conducted and continues to conduct business in Delaware by the following acts: (1) contracting with Delaware entities to sell cigarettes/other consumer products in Delaware, (2) delivering products to Delaware residents, and (3) receiving payments from Delaware residents. Additionally, Defendant Eby-Brown Co. is an entity organized in the State of Delaware. Likewise, venue is proper in New Castle County as a number of the acts complained of occurred therein.

### FACTUAL BACKGROUND

8.      Pursuant to Delaware's Unfair Cigarette Sales Act (hereafter, the "Act"), it is unlawful for wholesale distributors, who act with the intent to injure competitors or to destroy or substantially lessen competition, (a) to sell cigarettes at a price that is less than the wholesalers' cost of acquisition, or (b) to offer rebates, concessions, credits or other incentives in connection with the sale of cigarettes. *See 6 Del. C.* §§ 2601 *et seq.* (2001).

9.      The Act and its enabling regulations establish the minimum sales prices of cigarettes. *See, e.g.,* 6 *Del. C.* §§ 2602, 2603. It is deemed *prima facie* evidence of a violation of the Act (6 *Del. C.* § 2606) for a wholesaler to sell cigarettes below prescribed minimum prices,

either alone or in combination with rebates, incentives, or concessions that effectively lower the amount paid below the minimum price. *See 6 Del. C.* § 2604.

10.     Pursuant to Section 2607 of the Act, any injured competitor is provided with a private right of action for injunctive relief in the Court of Chancery against the wholesaler, as well as an award of damages and costs.

11.     A wholesaler is "any person who regularly sells tobacco products within this State to others who buy for the purpose of resale to the ultimate consumer or any person who, because of volume of cigarette sale business and other criteria as determined by the manufacturer, has the privilege of buying direct from the manufacturer." *6 Del. C.* § 2602. Zucca and the defendants are wholesale distributors of cigarettes to convenience stores and other retail outlets in Delaware and other states.

12.     Zucca alleges that the defendants have sold and continue to regularly sell cigarettes below their cost and the minimum prices prescribed by applicable laws, with the intent to remove or substantially lessen competition in Delaware by, *inter alia*: (1) giving retailers free merchandise and "miscellaneous credits," (2) presenting retailers with invoices facially at full price but with the understanding that they need not be paid in full, and (3) delivering cash-filled envelopes, as well as checks and credit memos, to retailers as rebates.

13.     Zucca has not and will not participate in such unlawful activity.

14.     As a result of the defendants' violations of the Act, Zucca has been (and continues to be) damaged by its loss to the defendants of substantial business in the form of existing and potential customers, the loss of market share, and ultimately the loss of revenue.

## ALLEGATIONS AGAINST INDIVIDUAL DEFENDANTS

15.    In addition to the wrongful rebating and sales below costs applicable to each defendant, Zucca asserts the following defendants' individual acts of wrongful rebating and its resulting damages.

16.    Allen Brothers Wholesale Distributors:  Allen Brothers has given Delaware retailers rebates of as much as 65 cents per carton.  Allen Brothers gives its rebate customers an invoice with its prices near the minimum sales price, but then it provides monthly rebates or kick-backs in cash or check, which drop the actual sales price below the minimum amounts.

17.    Allen Brothers' wrongful conduct in Delaware has resulted in Zucca losing all or nearly all of its sales to certain of its customers.  Those retailers whose business Zucca has totally or substantially lost on account of Allen Brothers' rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year):  Airport News and Tobacco in New Castle (peak sales of $123,235 in 1998), Concord Exxon in Wilmington (peak sales of $109,504 in 2005), Ridge Tobacco in Claymont (peak sales of $48,923 in 2001), and Steele's Texaco in Wilmington (peak sales of $27,517 in 2003).  In all cases, Zucca has lost all or most of its sales to that customer.

18.    Based upon Allen Brothers' wrongful interference with Zucca's actual and prospective contractual relations, Allen Brothers' improper rebating tortiously interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

19.    Cooper-Booth Wholesale Co.:  Cooper-Booth has engaged in an organized rebating of cigarettes in the Mid-Atlantic States, including in Delaware, according to its own

internally documented system. Cooper-Booth rebated every client that had substantial cigarette sales, only eliminating the rebates if the client became a credit risk. These rebates are calculated according to "grid" systems. (An example of the grid used by Cooper-Booth to rebate cigarettes in the state of Delaware is attached as Exhibit A hereto). The rebate was largely based upon the volume of cigarettes purchased, averaged out over a period of weeks in a given month.

20.     This calculated and systematic rebating program is still used today by Cooper-Booth throughout Delaware to interfere with the actual and prospective contractual relations between retailers and competitor distributors, such as Zucca.

21.     Cooper-Booth's wrongful conduct in Delaware has resulted in Zucca's losing all or nearly all of its sales to certain of its customers. Retailers whose business Zucca has totally or substantially lost on account of Cooper-Booth's rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year): B&D Shell in Newark (peak sales of $20,008 in 2001), Brandywine Cigarette Outlet in Wilmington (peak sales of $1,870,049 in 2002), Harrington Cigarette Outlet in Harrington (peak sales of $391,330 in 2002), Rehoboth Cigarette Outlet in Rehoboth (peak sales of $3,126,999 in 1999), and Seaford Cigarette Outlet in Seaford (peak sales of $2,410,762 in 1999). In all cases, Zucca has lost all or most of its sales to that customer.

22.     Due to this wrongful rebating scheme by Cooper-Booth throughout Delaware, Cooper Booth has interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

23.     Eby-Brown Co.: Eby-Brown has rebated to Delaware retailers. Eby-Brown regularly issues invoices to retailers that state prices at or above the minimum price, then issues

542631.2 11/22/06                                 -6-

monthly rebate checks which effectively bring the actual cost incurred by retailers below the minimum.

24.    Eby-Brown's wrongful conduct in Delaware has resulted in Zucca's losing all or nearly all of its sales to certain of its customers. Retailers whose business Zucca has totally or substantially lost on account of Eby-Browns' rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year): Oasis Travel Plaza in Laurel (peak sales of $52,617 in 2004), Rehoboth Cigarette Outlet in Rehoboth (peak sales of $3,126,999 in 1999), Ridge Tobacco in Claymont (peak sales of $48,923 in 2001), and Seaford Cigarette Outlet in Seaford (peak sales of $2,410,762 in 1999). In all cases, Zucca has lost all or most of its sales to that customer.

25.    Eby-Brown's wrongful rebating has interfered with Zucca's protected prospective economic advantage with potential retailer customers. In this regard, Eby-Brown's wrongful rebating has caused Zucca to lose prospective business with such retailers as: Discount Cigarette Outlet in Fenwick Island, Duck Inn in Selbyville, Felton Mobil in Felton, and Mike's Food Market in Milford.

26.    Due to this wrongful rebating scheme by Eby-Brown throughout Delaware, Eby-Brown has interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

27.    Klein Candy Co.: Klein has given rebates of as much as 75 cents per carton to retailers in Delaware, both large and small. Klein has rebated in Delaware through such devices as rebates provided to retailers as airline frequent flyer miles (presumably due to tracing

difficulties), and issuing bogus 1099 tax forms to funnel cash to retailers by fraudulently casting its retailer customers as its "consultants" and/or "employees."

28.    In fact, according to published reports, three men associated with Klein were charged with federal tax evasion and related counts in 2001. (A copy of a news article from the Times Leader, dated March 20, 2001, is annexed to hereto as Exhibit B.)

29.    Klein's wrongful conduct in Delaware has resulted in Zucca losing all or nearly all of its sales to certain of its customers. Retailers whose business Zucca has totally or substantially lost on account of Klein include the following (with Zucca's peak annual sales to a customer for a given calendar year): Brandywine Cigarette Outlet in Wilmington (peak sales of $1,870,049 in 2002), Concord Exxon in Wilmington (peak sales of $109,504 in 2005), and Ridge Tobacco in Claymont (peak sales of $48,923 in 2001). In all cases, Zucca has lost all or most of its sales to that customer.

30.    Klein's wrongful rebating has also interfered with Zucca's prospective economic advantage with potential retailer customers. In this regard, Klein's wrongful rebating has caused Zucca to lose the prospective business with retailers including, but not limited to, Discount Cigarette Outlet in Fenwick Island and Duck Inn in Selbyville.

31.    Due to this wrongful rebating scheme by Klein throughout Delaware, Klein has interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

## COUNT I
### (Violations of the Delaware Unfair Cigarette Sales Act)
### (Against All Defendants)

32.    Paragraphs 1 through 31 above are incorporated herein by reference.

33.     All of the defendants have violated the Act, 6 *Del. Code* §§ 2601, *et seq.* (2001) and its enabling regulations, as they have acted, and continue to act, with the intent to remove or substantially lessen competition, by providing their customers (Zucca's one-time customers) and Zucca's potential customers with rebates, monetary incentives, credits, and other valuable considerations (collectively, the "Rebates"). These Rebates reduce the ultimate sales price to less than both the statutory minimum price and the defendants' costs.

34.     In combination with their unlawful Rebates, the defendants have all sold, and continue to sell, cigarettes at below the prescribed minimum sales prices established in Delaware. Such sales are *prima facie* evidence of violation of the Act.

35.     As a direct result of the defendants' violations of the Act and its regulations, Zucca has suffered and continues to suffer substantial damages in the form of lost sales (cigarettes and other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share.

## COUNT II
### (Tortious Interference with Existing Contracts)
### (Against All Defendants)

36.     Paragraphs 1 through 35 above are incorporated herein by reference.

37.     Zucca had existing contractual relations with numerous retail customers in Delaware.

38.     The defendants knew of those existing contractual relations yet intentionally interfered with them, without privilege or justification, by wrongfully granting cash rebates, incentives, credits, or other monetary benefits and selling cigarettes below their own cost or the applicable regulated minimum price.

39. By so acting, the defendants intended to limit competition within the markets in which they and Zucca did business, and/or acted intentionally to retaliate against Zucca for its refusal to sell cigarettes below cost or otherwise do business in violation of the Act.

40. Zucca has lost existing contractual relations with its customers as a direct result of the defendants' wrongful interference.

41. Zucca has suffered actual legal damages in the form of lost sales (cigarettes and other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share as a direct result of the defendants' tortious interference.

42. The defendants are joint tortfeasors in the resulting loss of profit and loss of market share, as their wrongful conduct combined to create these single harms.

43. The defendants' tortious interference was outrageous and malicious because it was accomplished by flagrantly violating unfair cigarette sales laws by, among other things, granting cash rebates and selling cigarettes below their actual cost with intent to limit competition.

## COUNT III
### (Tortious Interference with Prospective Economic Advantage)
### (Against All Defendants)

44. Paragraphs 1 through 43 above are incorporated herein by reference.

45. Zucca was positioned to and will gain prospective economic advantage from selling cigarettes and other products to various cigarette retailers in Delaware.

46. Zucca had and has a reasonable expectation of obtaining some or all of these prospective economic relations.

47. All of the defendants jointly and severally tortiously interfered with Zucca's prospective economic advantage, without justification or excuse, by wrongfully granting, with intent to injure its competition and/or retaliate against Zucca for not also selling cigarettes in

violation of the Act, cash rebates, incentives, credits, or other monetary benefits and selling

cigarettes below their own cost or the applicable regulated minimum price.

48.     But for the defendants' joint and several wrongful interference, Zucca would have

received and would continue to receive some or all the anticipated economic benefits of its

prospective economic relations and gained market share.

49.     Zucca has suffered actual legal damages in the form of lost sales (cigarettes, other

tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share

as a direct result of the defendants' tortious interference.

50.     The defendants are joint tortfeasors in the resulting loss of profit and loss of

market share as their wrongful conduct combined together to cause these single harms.

51.     The defendants' joint tortious interference was outrageous because it was

accomplished by flagrantly violating unfair cigarette sales laws by, among other things, granting

cash rebates and selling cigarettes below their actual cost with intent to limit competition.

## COUNT IV
### (Unfair Competition)

52.     Paragraphs 1 through 51 above are incorporated herein by reference.

53.     By the misconduct described above, all of the defendants have engaged in unfair

competition against Zucca.

54.     As a direct result of that unfair competition, Zucca has suffered actual legal

damages measured by lost sales (cigarettes and related goods, including other tobacco products,

candy, groceries, health and beauty aids, and toiletries) and lost market share.

55.     The defendants' unfair competition was outrageous because it was accomplished

by flagrantly and maliciously violating unfair cigarette sales laws by, among other things,

granting cash rebates and selling cigarettes below their actual cost with intent to limit competition.

## COUNT V
### (Injunction)

56.    Paragraphs 1 through 55 above are incorporated herein by reference.

57.    Defendants have wrongfully violated the Unfair Cigarette Sales Act by, with intent to remove or substantially lessen competition, providing their customers (one-time Zucca customers) *and Zucca's potential customers with rebates, monetary incentives, credits, and other* valuable considerations (the "Rebates") which reduce the ultimate sales price to less than both the statutory minimum price and their cost.

58.    The Act provides for injunctive relief against a wholesaler for the commission of violations of the Act, as well as the award of damages and costs.

59.    Zucca has no adequate remedy at law, and is entitled to injunctive relief by the Court of Chancery.

60.    Zucca will suffer irreparable and imminent harm should the acts of the Defendants continue.

61.    The Defendants should be enjoined from further violating the Act and should be required to comply with its provisions, including its unfair restraint on competitors such as Zucca.

WHEREFORE, Zucca demands judgment in its favor and against defendants, jointly and severally, awarding the following relief:

1.    Compensatory Damages, plus interest;

2.    Punitive Damages;

542631.2 11/22/06                    -12-

3.    An Order permanently enjoining each defendant from selling cigarettes for any price less than the applicable regulated minimum prices, or in any event their cost or taking any action that has the affect of lowering the expense incurred by their customers to purchase their cigarettes to below the applicable regulated minimum prices or their cost;

4.    Costs and attorney's fees; and

5.    All such further relief as this Court deems appropriate and just.

**SAUL EWING LLP**

Michael F. Bonkowski (No. 2219)
Kimberly M. Large (No. 4422)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6800

Counsel for L.J. Zucca, Inc.

Dated: November 22, 2006

EFiled: Nov 22 2006 1:55PM
Transaction ID 12996916

# EXHIBIT A

## Foodservice Beverage and Ancillary Products

| | | | |
|---|---|---|---|
| Lacas Coffee | 40¢ Cash Back per os | Don Miguel | Up to $1.00 Cash Back/Case |
| Morning Star Creamers International Delights | Up to 36¢ Cash Back per os | Foster Farms | Up to 36¢ Cash Back/Case |
| | | Gehl's | Up to $1.00 Cash Back/Case |
| Sundance Moon Coffee | 40¢ Cash Back/Case | Heinz/Quality Chef | Up to $1.00 Back per bag Up to $102.00 semiannually |

### Grocery

| | | | |
|---|---|---|---|
| Church & Dwight | Up to 7% Cash Back | Heinz Dry | Up to $1.00 Cash Back per case |
| Dile | 5% Cash Back | Home Market Foods Rollerbites | Up to 50¢ Cash Back/case |
| Dole | Up to 3% Cash Back | | |
| Domino Sugar | Up to 6¢ Cash Back | Hot & Spicy Bahama Mama | Up to $1 0 + |
| EAS | Up to 10% Cash Back | Jimmy Dean | Up to $2.00 Cash Back per case |
| EAS Piranha Vitamins | Up to 2% Cash Back | Roller Grill Products Breakfast Sandwiches | Up to 20¢ Cash Back/ lb. Up to 10¢ / lb. Cash Back |
| General Mills | Up to 5% Cash Back | | |
| JM Smucker's | Up to 5% Cash Back | Kunzler | Up to 10¢ Cash Back/ lb |
| Maruchan | 10¢ Cash Back/Case | Kunzler Presliced | Up to 10¢ Cash Back/lb. |
| Mrs. Smith's/Mrs. Freshley's | Up to 24¢ Cash Back/Box | Kunzler Deli Items | Up to 8¢ Cash Back/lb. |
| Pillsbury Dry | Up to 5% Cash Back | Nathan's | Up to 50¢ Cash Back per case |
| Power Food Inc. 6 different PowerBars and Harvest Bars | 50¢ Cash Back per box | Otis Spunkmayer | Up to 3% Cash Back |
| | | Peterson Nut | Up to $1.00 Cash Back per case |
| Reckitt Benckiser French's Products Cleaning Products | Up to 5% Cash Back Up to 8% Cash Back | Phillips Pizza | Up to 30¢ Cash Back per box |
| Slim Fast | 3¢ Cash Back | Pierce | 10¢ Cash Back/lb. |
| Slim Fast Bars | 4% Cash Back per box | Pierre Foods | Up to 75¢ Cash Back/12 pack |
| Seltzer's Meat | Up to 8¢ Cash Back | Sara Lee | 25¢ Cash Back per case |
| Unilever/Best Foods | Up to 15% Cash Back | Sara Lee - Donuts | 5¢ Cash Back per tray |
| | | Schwans | Up to 25¢ Cash Back per case |

### Foodservice

| | | | |
|---|---|---|---|
| | | Seltzer's Meat | Up to 40¢ Cash Back per case |
| Delorio's 26oz Pizza Flat | 50¢ Cash Back/Case | | |

# 2003 Accrual Program Summary

Meet the Specific Program Requirements and Earn the Following:

## Candy

| | |
|---|---|
| Ferrara Pan Candy | Up to 5% Cash Back |
| **Hershey** Peg Chocolate Product | 4¢ Cash Back/Bag |
| Changemaker | Up to 50¢ Cash Back/Changemaker |
| Hershey Non-Chocolate | 50¢ Cash Back/Box |
| Just Born | Up to 25¢ Cash Back/Box |
| **M&M Mars** Peg Bags | 10¢ Cash Back/Box |
| King Size | 25¢ Cash Back/Box |
| **Nestle** Standard & King Size Bars | Up to 50¢ Cash Back/Box |
| New England Confectionery Necco Products | Up to 5% Cash Back |
| Topps Chewing Gum Ring Pops, Bazooka and Push Pop Items. | 25¢ Cash Back/Box |
| Snak Stop | 1% Cash Back |
| Van Melle Mentos and Airheads | Up to 27¢ Cash Back/Box |
| Willy Wonka Count Good Candies | Up to 50¢ Cash Back/Box |

## Juice & Water

| | |
|---|---|
| Meridian Water (25 cases of any 5 different items) | 25¢ Cash Back/Case |

## Tobacco Products & Accessories

| | |
|---|---|
| Avanti Cigars | Up to 35¢ Cash Back |
| EZ Wider & Joker | Up to $8.00 Cash Back/Roll |
| Grizzly Products | 25¢ Cash Back/Roll |
| Inter-Continental Cigar Al-Capone Sweets, Slims, or Pockets | 25¢ Cash Back |

## HBC, Auto & Non-Foods

| | |
|---|---|
| Bayer | Up to 3.5% Cash Back |
| DMD Pharmaceuticals | 36¢ Cash Back |
| DMD Pharmaceuticals 36ct Bottles | 5¢ Cash Back |
| Duracell Carded Items | Up to 5% Cash Back |
| Display | 5% Cash Back |
| Durex | 10¢ Cash Back/ 3-pack Box |
| Eveready Battery | 2% Cash Back On Carded Batteries |
| Exxon Oil | Up to 30¢ Cash Back/Case |
| Mobil Oil | Up to 30¢ Cash Back/Case |
| Navajo Mfg. | Up to 5% Cash Back |
| STP | Up to 5% Cash Back |
| White Rain | Up to 5% Cash Back |
| Wyeth Healthcare | Up to 5% Cash Back |

| | | Rebate for 1000 cartons per delivery | Terms Reduction from Rebate | Cartons | % | Dollar Amount |
|---|---|---|---|---|---|---|
| 110 | PREMIUM KS/100 LCR | $0.60 | $0.00 | 375 | 37.5% | $225.00 |
| 111 | PREMIUM KS/100 PM,RJR,BAW | $0.60 | $0.00 | 547 | 54.7% | $328.20 |
| 115 | GENERICS KS/100 LCR | $0.55 | $0.00 | 3 | 0.3% | $1.65 |
| 116 | GENERICS KS/100 PM,RJR,BAW | $0.55 | $0.00 | 75 | 7.5% | $41.25 |
| 117 | Pyramid | $0.00 | $0.00 | 0 | | $0.00 |
| 120 | GPC/Viceroy/Misty | $0.00 | $0.00 | 0 | | $0.00 |
| 121 | Santa Fe | $0.00 | $0.00 | 0 | | $0.00 |
| 130 | Bailey's | $0.00 | $0.00 | 0 | | $0.00 |
| 131 | Dynamic | $0.00 | $0.00 | 0 | | $0.00 |
| 135 | Tahoe | $0.00 | $0.00 | 0 | | $0.00 |
| 140 | Liggett Select | $0.00 | $0.00 | 0 | | $0.00 |
| 145 | Monarch/Quality Smokes | $0.00 | $0.00 | 0 | | $0.00 |
| 147 | Nassau/Montclair | $0.00 | $0.00 | 0 | | $0.00 |
| | Private Stock | $0.00 | $0.00 | 0 | | $0.00 |
| 160 | Lift Cnes | $0.00 | $0.00 | 0 | | $0.00 |
| 170 | Gen Smoke | $0.00 | $0.00 | 0 | | $0.00 |
| 175 | Checkers | $0.00 | $0.00 | 0 | | $0.00 |
| 180 | USA Gold | $0.00 | $0.00 | 0 | | $0.00 |
| 185 | Wave | $0.00 | $0.00 | 0 | | $0.00 |
| 190 | Promo - Premium | $0.30 | $0.00 | 0 | | $0.00 |
| 191 | Promo - Premium PM, RJR, BAW | $0.30 | $0.00 | 0 | | $0.00 |
| 193 | Promo - Generic | $0.28 | $0.00 | 0 | | $0.00 |
| 196 | Promo - Generic PM, RJR, BAW | $0.28 | $0.00 | 0 | | $0.00 |
| | | | | 1000 | 100% | |

Customer Rebate Amount   $596.10

| Average Cartons per Delivery for the Month | | | | | | |
|---|---|---|---|---|---|---|
| 0 | 0 | 200 | 400 | 600 | 800 | 1,000 |
| $0.00 | $0.00 | $0.00 | $0.25 | $0.50 | $0.55 | $0.60 |
| $0.00 | $0.00 | $0.00 | $0.25 | $0.50 | $0.55 | $0.60 |
| $0.00 | $0.00 | $0.00 | $0.20 | $0.45 | $0.50 | $0.55 |
| $0.00 | $0.00 | $0.00 | $0.20 | $0.45 | $0.50 | $0.55 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| $0.00 | $0.00 | $0.00 | $0.15 | $0.20 | $0.25 | $0.30 |
| $0.00 | $0.00 | $0.00 | $0.15 | $0.20 | $0.25 | $0.30 |
| $0.00 | $0.00 | $0.00 | $0.13 | $0.18 | $0.23 | $0.28 |
| $0.00 | $0.00 | $0.00 | $0.13 | $0.18 | $0.23 | $0.28 |

1. Explain that they need at least 1,000 cartons per Delivery, what is the total weekly volume?
2. Explain the $0.03 per carton, per week "Terms reduction".
3. Explain "sliding rebate" matrix.

EFiled: Nov 22 2006 1:55PM EST
Transaction ID 12996916

# EXHIBIT B



**Thank you for using NewsLibrary**

**TIMES LEADER**
Tuesday, March 20, 2001
Section: NEWS
Edition: MAIN
Page: 13A

## DOCUMENT: LOCAL MAN TO PLEAD GUILTY TO FEDERAL INCOME TAX EVASION

SCRANTON - An official with Klein Candy Co. in Hanover Township has agreed to plead guilty to federal income tax evasion, admitting the $2.3 million in income he reported in 1996 was "substantially" understated, according to court documents.

According to federal indictments handed down Friday, Norman Dressler of Kingston filed a false joint individual income tax return on behalf of himself and his wife. The return stated their joint taxable income for that year was $2,396,809, and the amount of taxes due was $993,768.

The indictment says his income was "substantially higher," but does not list a specific amount.

Two other men associated with Klein Candy - Howard Klein, of Dallas, and Jay Kranson, of Kingston - also are facing federal charges of concealment of a felony. The indictments state both men had knowledge of Dressler's activities, but neither went to authorities.

Klein and Dressler on Friday entered into plea agreements with U.S. Attorney David M. Barasch. Kranson has not yet entered a plea.

Dressler faces a maximum of five years in prison and a $100,000 fine, while Klein and Kranson each face three years in prison and a $250,000 fine.

Both Dressler and Klein's plea agreements state the men will provide any information known to them concerning unlawful activities of others. Dressler agreed to file amended and delinquent tax returns.

The penalties assessed against Dressler by the Internal Revenue Service will not be limited because of the plea agreement, court papers state.

All content © 2001 TIMES LEADER and may not be republished without permission.

All archives are stored on a SAVE (tm) newspaper library system from MediaStream Inc.,
a Knight-Ridder, Inc. company.

EFiled: Nov 22 2006 1:55PM EST
Transaction ID 12996916

## VERIFICATION OF SCOTT ZUCCA

STATE OF NEW JERSEY          )
                             )     SS.
COUNTY OF CUMBERLAND         )

BE IT REMEMBERED that on this 22 day of November, 2006, personally appeared

before me, the Subscriber, a Notary Public for the State and County aforesaid, who, being duly

sworn, deposes and states that he is legally authorized agent and representative of the plaintiff,

has personal knowledge of the instant litigation and has reviewed the foregoing VERIFIED

COMPLAINT which is true, to the best of his knowledge, information and belief, based on such

personal information as he has and as is available to him.

_____
Scott Zucca, Principal of L. J. Zucca, Inc.

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

_____
NOTARY PUBLIC
My Commission Expires:
10-29-2010

542631.3 11/22/06

TOTAL P.01

**L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.**

**EXHIBIT G TO NOTICE OF REMOVAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| L.J. ZUCCA, INC. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____ |
| | : | |
| v. | : | |
| | : | |
| ALLEN BROS. WHOLESALE | : | **JOINDER IN REMOVAL** |
| DISTRIBUTORS INC., | : | |
| | : | |
| COOPER-BOOTH WHOLESALE | : | |
| COMPANY, | : | |
| | : | |
| EBY-BROWN COMPANY LLC, and | : | |
| | : | |
| KLEIN CANDY CO. LP, | : | |
| | : | |
| Defendants. | : | |

Defendant Allen Bros. Wholesale Distributors Inc. joins in the Notice of Removal by

Defendant Cooper-Booth Wholesale Company.


Dated: January _2_, 2007                        _____

<u>**L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.**</u>

**EXHIBIT H TO NOTICE OF REMOVAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L.J. ZUCCA, INC.                          :

           Plaintiff,               :     CIVIL ACTION NO. _____

           v.                       :

ALLEN BROS. WHOLESALE                     :     **JOINDER IN REMOVAL**
DISTRIBUTORS INC.,                        :

COOPER-BOOTH WHOLESALE                    :
COMPANY,                                  :

EBY-BROWN COMPANY LLC, and                :

KLEIN CANDY CO. LP,                       :

           Defendants.              :

     Defendant Eby-Brown Company LLC joins in the Notice of Removal by Defendant

Cooper-Booth Wholesale Company.


Dated: January _3_, 2007               _____
                                         (Eby. Brown Co, LLC)

L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.

EXHIBIT I TO NOTICE OF REMOVAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| L.J. ZUCCA, INC. | : |
| Plaintiff, | : |
| v. | : |
| ALLEN BROS. WHOLESALE DISTRIBUTORS INC., | : |
| COOPER-BOOTH WHOLESALE COMPANY, | : |
| EBY-BROWN COMPANY LLC, and | : |
| KLEIN CANDY CO. LP, | : |
| Defendants. | : |

CIVIL ACTION NO. _____

**JOINDER IN REMOVAL**

Defendant Klein Candy Co. LP, now known as Western Skier Ltd., joins in the Notice of

Removal by Defendant Cooper-Booth Wholesale Company.

Dated: January __2__, 2007

_____
Brian C. Wille

<u>**L. J. Zucca, Inc. v. Allen Bros. Wholesale Distributors, Inc., et al.**</u>

**EXHIBIT J TO NOTICE OF REMOVAL**

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| L.J. ZUCCA, INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 2572-N |
| ALLEN BROS. WHOLESALE DISTRIBUTORS INC., COOPER-BOOTH WHOLESALE COMPANY, EBY-BROWN COMPANY LLC; and KLEIN CANDY CO. LP, | : | **NOTICE OF FILING OF NOTICE OF REMOVAL ACTION UNDER 28 U.S.C. § 1441(a)** |
| Defendants. | : | |

## NOTICE OF FILING NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Cooper-Booth Wholesale Company filed a Notice of Removal with the United States District Court for the District of Delaware on January 3, 2007, pursuant to 28 U.S.C. §§ 1441, *et seq.* A true and correct copy of the Notice of Removal is attached as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the Court of Chancery of the State of Delaware in and for New Castle County shall proceed no further in this matter unless and until the case is remanded.

Respectfully submitted,

**BLANK ROME LLP**

Dated: January 3, 2007

David K. Sheppard, Esquire (I.D. No. 4149)
1201 Market Street, Suite 800
Wilmington, DE 19801
Phone: (302) 425-6400
Fax    (302) 425-6464

AND

Stephen M. Orlofsky, Esquire
Kit Applegate, Esquire
210 Lake Drive East, Suite 200
Woodland Falls Corporate Park
Cherry Hill, New Jersey 08002
Phone: (856) 779-3600
Fax:    (856) 779-7647

2

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| I. J. ZUCCA, INC. | ALLEN BROS. WHOLESALE DISTRIBUTORS INC., COOPER-BOOTH WHOLESALE COMPANY, EBY-BROWN COMPANY, LLC and KLEIN CANDY CO. LP |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| David K. Sheppard, Esquire<br>Attorney I.D. No. 4149<br>Blank Rome LLP<br>1201 Market Street<br>Suite 800<br>Wilmington, DE 19801<br>Phone: 302-425-6479<br>Fax: 302-425-6464 | |

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med. Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R. R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Arts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | FEDERAL TAX SUITS | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. §§ 1332, 1332(a), 1441, 1441(a) and 1446;

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| January 3, 2007 | David K. Sheppard, I.D. 4149 |

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. — 0 7 — — 0 0 2

# ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____5_____ COPIES OF AO FORM 85.

JAN 0 5 2006

(Date forms issued)            (Signature of Party or their Representative)

_Patrick Boyer_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action