## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| L.J. ZUCCA, INC., | : | |
| Plaintiff, | : | Civil Action No.: 1:07-cv-00002 |
| | : | |
| v. | : | |
| | : | Removed from Chancery Court |
| ALLEN BROS. WHOLESALE | : | New Castle County, Delaware |
| DISTRIBUTORS INC.; COOPER-BOOTH | : | C.A. No. 2572-N |
| WHOLESALE COMPANY; EBY-BROWN | : | |
| COMPANY LLC; and WESTERN SKIER, | : | JURY TRIAL DEMANDED |
| LTD. F/K/A KLEIN CANDY CO. LP, | : | |
| | : | |
| Defendants. | : | |

## FIRST AMENDED VERIFIED COMPLAINT[1]

Plaintiff, L.J. Zucca, Inc. ("Zucca"), by its undersigned counsel, brings this complaint

against the Defendants, and as grounds therefore states as follows:

## PRELIMINARY STATEMENT

By way of its Verified Complaint, Zucca seeks, *inter alia*, a Preliminary and Permanent

Injunction to prevent Defendants' continuing breaches of the Delaware Unfair Cigarette Sales

Act, as well as awarding Zucca its damages for the Defendants' torts against Zucca. Zucca and

the Defendants are wholesalers of cigarettes, as defined by the Unfair Cigarette Sales Act and

other cigarette laws. The Unfair Cigarette Sales Act promotes fair competition between

wholesalers. The Defendants, Zucca's competitors, have sold and continue to regularly sell

cigarettes below their cost and the minimum prices prescribed by applicable laws, with the intent

to remove or substantially lessen competition in Delaware by, *inter alia*: (1) giving retailers free

merchandise and "miscellaneous credits," (2) presenting retailers with invoices facially at full

price but with the understanding that they need not be paid in full, and (3) delivering cash-filled

---

[1] A blacklined copy of this First Amended Verified Complaint is attached as Exhibit 1.

envelopes, as well as checks and credit memos, to retailers as purported rebates.  Zucca therefore asks the Court to:

(1)      enjoin Defendants from violating the Unfair Cigarette Sales Act, by specifically enjoining them from selling cigarettes below regulated minimum prices or their costs, and enjoining them from acting to lower the expense incurred by their customers to buy cigarettes below the regulated minimum prices or their costs;

(2)      award Zucca such compensatory damages as are required by law and equity for Defendants' breaches of the Act, their unfair competition, and their tortious interference with Zucca's existing contracts and prospective economic advantages;

(3)      award Zucca punitive damages; and

(4)      award Zucca its costs, attorney's fees and such other relief as the Court deems reasonable and proper.

## THE PARTIES

1.      Plaintiff Zucca is a New Jersey corporation with its principal place of business at 760 S. Delsea Drive, Vineland, New Jersey 08362-1447.

2.      Defendant Allen Bros. Wholesale Distributors Inc. is a Pennsylvania corporation with its principal place of business (and its registered agent) at 120 West Erie Avenue, Philadelphia, PA 19104-2725.

3.      Defendant Cooper-Booth Wholesale Company is a Pennsylvania limited partnership with its principal place of business (and its registered agent) at 100 Lincoln West Drive, Mountville, PA 17554.

4.      Defendant Eby-Brown Company LLC is a Delaware limited liability company with its principal place of business at 280 West Shuman Boulevard, Suite 280, Naperville, IL

60566-7067.  Defendant Eby-Brown may be served care of its registered agent, the Corporation

Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5.      Defendant Western Skier, Ltd. f/k/a Klein Candy Co. LP is a Pennsylvania

limited partnership with its principal place of business (and its registered agent) at 230 Butler St,

Kingston, PA 18704 (hereafter, "Klein Candy Co." or "Klein").  Klein was a Pennsylvania

limited partnership with its principal place of business (and its registered agent) at 100 West End

Road, Wilkes-Barre, PA 18702.  Klein is represented by the firm of Kostelanetz & Fink, LLP in

New York, New York.

6.      Each of the defendants is a wholesale distributor of cigarettes and other consumer

products.

## Jurisdiction and Venue

7.      This Court has personal jurisdiction over each of the defendants, since each has

conducted and continues to conduct business in Delaware by the following acts:  (1) contracting

with Delaware entities to sell cigarettes/other consumer products in Delaware, (2) delivering

products to Delaware residents, and (3) receiving payments from Delaware residents.

Additionally, Defendant Eby-Brown Co. is an entity organized in the State of Delaware.

Likewise, venue is proper in New Castle County as a number of the acts complained of occurred

therein.

## FACTUAL BACKGROUND

8.      Pursuant to Delaware's Unfair Cigarette Sales Act (hereafter, the "Act"), it is

unlawful for wholesale distributors, who act with the intent to injure competitors or to destroy or

substantially lessen competition, (a) to sell cigarettes at a price that is less than the wholesalers'

cost of acquisition, or (b) to offer rebates, concessions, credits or other incentives in connection

with the sale of cigarettes.  *See* 6 *Del. C.* §§ 2601 *et seq.* (2001).

9.    The Act and its enabling regulations establish the minimum sales prices of cigarettes. *See, e.g., 6 Del. C.* §§ 2602, 2603.  It is deemed *prima facie* evidence of a violation of the Act (6 *Del. C.* § 2606) for a wholesaler to sell cigarettes below prescribed minimum prices, either alone or in combination with rebates, incentives, or concessions that effectively lower the amount paid below the minimum price. *See 6 Del. C.* § 2604.

10.    Pursuant to Section 2607 of the Act, any injured competitor is provided with a private right of action for injunctive relief in the Court of Chancery against the wholesaler, as well as an award of damages and costs.

11.    A wholesaler is "any person who regularly sells tobacco products within this State to others who buy for the purpose of resale to the ultimate consumer or any person who, because of volume of cigarette sale business and other criteria as determined by the manufacturer, has the privilege of buying direct from the manufacturer." 6 *Del. C.* § 2602.  Zucca and the defendants are wholesale distributors of cigarettes to convenience stores and other retail outlets in Delaware and other states.

12.    Zucca alleges that the defendants have sold and continue to regularly sell cigarettes below their cost and the minimum prices prescribed by applicable laws, with the intent to remove or substantially lessen competition in Delaware by, *inter alia*:  (1) giving retailers free merchandise and "miscellaneous credits," (2) presenting retailers with invoices facially at full price but with the understanding that they need not be paid in full, and (3) delivering cash-filled envelopes, as well as checks and credit memos, to retailers as rebates.

13.    Zucca has not and will not participate in such unlawful activity.

14.    As a result of the defendants' violations of the Act, Zucca has been (and continues to be) damaged by its loss to the defendants of substantial business in the form of existing and potential customers, the loss of market share, and ultimately the loss of revenue.

### ALLEGATIONS AGAINST INDIVIDUAL DEFENDANTS

15.    In addition to the wrongful rebating and sales below costs applicable to each defendant, Zucca asserts the following defendants' individual acts of wrongful rebating and its resulting damages.

16.    <u>Allen Brothers Wholesale Distributors</u>:  Allen Brothers has given Delaware retailers rebates of as much as 65 cents per carton.  Allen Brothers gives its rebate customers an invoice with its prices near the minimum sales price, but then it provides monthly rebates or kick-backs in cash or check, which drop the actual sales price below the minimum amounts.

17.    Allen Brothers' wrongful conduct in Delaware has resulted in Zucca losing all or nearly all of its sales to certain of its customers.  Those retailers whose business Zucca has totally or substantially lost on account of Allen Brothers' rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year):  Airport News and Tobacco in New Castle (peak sales of $123,235 in 1998), Concord Exxon in Wilmington (peak sales of $109,504 in 2005), Ridge Tobacco in Claymont (peak sales of $48,923 in 2001), and Steele's Texaco in Wilmington (peak sales of $27,517 in 2003).  In all cases, Zucca has lost all or most of its sales to that customer.

18.    Based upon Allen Brothers' wrongful interference with Zucca's actual and prospective contractual relations, Allen Brothers' improper rebating tortiously interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing

customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

19.    <u>Cooper-Booth Wholesale Co.</u>: Cooper-Booth has engaged in an organized rebating of cigarettes in the Mid-Atlantic States, including in Delaware, according to its own internally documented system.  Cooper-Booth rebated every client that had substantial cigarette sales, only eliminating the rebates if the client became a credit risk. These rebates are calculated according to "grid" systems.  (An example of the grid used by Cooper-Booth to rebate cigarettes in the state of Delaware is attached as Exhibit A hereto).  The rebate was largely based upon the volume of cigarettes purchased, averaged out over a period of weeks in a given month.

20.    This calculated and systematic rebating program is still used today by Cooper-Booth throughout Delaware to interfere with the actual and prospective contractual relations between retailers and competitor distributors, such as Zucca.

21.    Cooper-Booth's wrongful conduct in Delaware has resulted in Zucca's losing all or nearly all of its sales to certain of its customers.  Retailers whose business Zucca has totally or substantially lost on account of Cooper-Booth's rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year):  B&D Shell in Newark (peak sales of $20,008 in 2001), Brandywine Cigarette Outlet in Wilmington (peak sales of $1,870,049 in 2002), Harrington Cigarette Outlet in Harrington (peak sales of $391,330 in 2002), Rehoboth Cigarette Outlet in Rehoboth (peak sales of $3,126,999 in 1999), and Seaford Cigarette Outlet in Seaford (peak sales of $2,410,762 in 1999).  In all cases, Zucca has lost all or most of its sales to that customer.

22.    Due to this wrongful rebating scheme by Cooper-Booth throughout Delaware, Cooper Booth has interfered and continues to tortiously interfere with Zucca's contractual

relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

23.    <u>Eby-Brown Co.</u>: Eby-Brown has rebated to Delaware retailers. Eby-Brown regularly issues invoices to retailers that state prices at or above the minimum price, then issues monthly rebate checks which effectively bring the actual cost incurred by retailers below the minimum.

24.    Eby-Brown's wrongful conduct in Delaware has resulted in Zucca's losing all or nearly all of its sales to certain of its customers. Retailers whose business Zucca has totally or substantially lost on account of Eby-Browns' rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year): Oasis Travel Plaza in Laurel (peak sales of $52,617 in 2004), Rehoboth Cigarette Outlet in Rehoboth (peak sales of $3,126,999 in 1999), Ridge Tobacco in Claymont (peak sales of $48,923 in 2001), and Seaford Cigarette Outlet in Seaford (peak sales of $2,410,762 in 1999). In all cases, Zucca has lost all or most of its sales to that customer.

25.    Eby-Brown's wrongful rebating has interfered with Zucca's protected prospective economic advantage with potential retailer customers. In this regard, Eby-Brown's wrongful rebating has caused Zucca to lose prospective business with such retailers as: Discount Cigarette Outlet in Fenwick Island, Duck Inn in Selbyville, Felton Mobil in Felton, and Mike's Food Market in Milford.

26.    Due to this wrongful rebating scheme by Eby-Brown throughout Delaware, Eby-Brown has interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

27.    <u>Klein Candy Co.</u>: Klein has given rebates of as much as 75 cents per carton to retailers in Delaware, both large and small.  Klein has rebated in Delaware through such devices as rebates provided to retailers as airline frequent flyer miles (presumably due to tracing difficulties), and issuing bogus 1099 tax forms to funnel cash to retailers by fraudulently casting its retailer customers as its "consultants" and/or "employees."

28.    Klein's wrongful conduct in Delaware has resulted in Zucca losing all or nearly all of its sales to certain of its customers.  Retailers whose business Zucca has totally or substantially lost on account of Klein include the following (with Zucca's peak annual sales to a customer for a given calendar year):  Brandywine Cigarette Outlet in Wilmington (peak sales of $1,870,049 in 2002), Concord Exxon in Wilmington (peak sales of $109,504 in 2005), and Ridge Tobacco in Claymont (peak sales of $48,923 in 2001).  In all cases, Zucca has lost all or most of its sales to that customer.

29.    Klein's wrongful rebating has also interfered with Zucca's prospective economic advantage with potential retailer customers.  In this regard, Klein's wrongful rebating has caused Zucca to lose the prospective business with retailers including, but not limited to, Discount Cigarette Outlet in Fenwick Island and Duck Inn in Selbyville.

30.    Due to this wrongful rebating scheme by Klein throughout Delaware, Klein has interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

## COUNT I
### (Violations of the Delaware Unfair Cigarette Sales Act)
### <u>(Against All Defendants)</u>

31.    Paragraphs 1 through 30 above are incorporated herein by reference.

32.     All of the defendants have violated the Act, 6 *Del. Code* §§ 2601, *et seq.* (2001) and its enabling regulations, as they have acted, and continue to act, with the intent to remove or substantially lessen competition, by providing their customers (Zucca's one-time customers) and Zucca's potential customers with rebates, monetary incentives, credits, and other valuable considerations (collectively, the "Rebates"). These Rebates reduce the ultimate sales price to less than both the statutory minimum price and the defendants' costs.

33.     In combination with their unlawful Rebates, the defendants have all sold, and continue to sell, cigarettes at below the prescribed minimum sales prices established in Delaware. Such sales are *prima facie* evidence of violation of the Act.

34.     As a direct result of the defendants' violations of the Act and its regulations, Zucca has suffered and continues to suffer substantial damages in the form of lost sales (cigarettes and other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share.

## COUNT II
### (Tortious Interference with Existing Contracts)
### (Against All Defendants)

35.     Paragraphs 1 through 34 above are incorporated herein by reference.

36.     Zucca had existing contractual relations with numerous retail customers in Delaware.

37.     The defendants knew of those existing contractual relations yet intentionally interfered with them, without privilege or justification, by wrongfully granting cash rebates, incentives, credits, or other monetary benefits and selling cigarettes below their own cost or the applicable regulated minimum price.

38.    By so acting, the defendants intended to limit competition within the markets in which they and Zucca did business, and/or acted intentionally to retaliate against Zucca for its refusal to sell cigarettes below cost or otherwise do business in violation of the Act.

39.    Zucca has lost existing contractual relations with its customers as a direct result of the defendants' wrongful interference.

40.    Zucca has suffered actual legal damages in the form of lost sales (cigarettes and other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share as a direct result of the defendants' tortious interference.

41.    The defendants are joint tortfeasors in the resulting loss of profit and loss of market share, as their wrongful conduct combined to create these single harms.

42.    The defendants' tortious interference was outrageous and malicious because it was accomplished by flagrantly violating unfair cigarette sales laws by, among other things, granting cash rebates and selling cigarettes below their actual cost with intent to limit competition.

### COUNT III
### (Tortious Interference with Prospective Economic Advantage)
### (Against All Defendants)

43.    Paragraphs 1 through 42 above are incorporated herein by reference.

44.    Zucca was positioned to and will gain prospective economic advantage from selling cigarettes and other products to various cigarette retailers in Delaware.

45.    Zucca had and has a reasonable expectation of obtaining some or all of these prospective economic relations.

46.    All of the defendants jointly and severally tortiously interfered with Zucca's prospective economic advantage, without justification or excuse, by wrongfully granting, with intent to injure its competition and/or retaliate against Zucca for not also selling cigarettes in

violation of the Act, cash rebates, incentives, credits, or other monetary benefits and selling cigarettes below their own cost or the applicable regulated minimum price.

47.    But for the defendants' joint and several wrongful interference, Zucca would have received and would continue to receive some or all the anticipated economic benefits of its prospective economic relations and gained market share.

48.    Zucca has suffered actual legal damages in the form of lost sales (cigarettes, other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share as a direct result of the defendants' tortious interference.

49.    The defendants are joint tortfeasors in the resulting loss of profit and loss of market share as their wrongful conduct combined together to cause these single harms.

50.    The defendants' joint tortious interference was outrageous because it was accomplished by flagrantly violating unfair cigarette sales laws by, among other things, granting cash rebates and selling cigarettes below their actual cost with intent to limit competition.

## COUNT IV
### (Unfair Competition)

51.    Paragraphs 1 through 50 above are incorporated herein by reference.

52.    By the misconduct described above, all of the defendants have engaged in unfair competition against Zucca.

53.    As a direct result of that unfair competition, Zucca has suffered actual legal damages measured by lost sales (cigarettes and related goods, including other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share.

54.    The defendants' unfair competition was outrageous because it was accomplished by flagrantly and maliciously violating unfair cigarette sales laws by, among other things,

granting cash rebates and selling cigarettes below their actual cost with intent to limit competition.

**COUNT V**
**(Injunction)**

55.    Paragraphs 1 through 54 above are incorporated herein by reference.

56.    Defendants have wrongfully violated the Unfair Cigarette Sales Act by, with intent to remove or substantially lessen competition, providing their customers (one-time Zucca customers) and Zucca's potential customers with rebates, monetary incentives, credits, and other valuable considerations (the "Rebates") which reduce the ultimate sales price to less than both the statutory minimum price and their cost.

57.    The Act provides for injunctive relief against a wholesaler for the commission of violations of the Act, as well as the award of damages and costs.

58.    Zucca has no adequate remedy at law, and is entitled to injunctive relief by the Court of Chancery.

59.    Zucca will suffer irreparable and imminent harm should the acts of the Defendants continue.

60.    The Defendants should be enjoined from further violating the Act and should be required to comply with its provisions, including its unfair restraint on competitors such as Zucca.

WHEREFORE, Zucca demands judgment in its favor and against defendants, jointly and severally, awarding the following relief:

1.    Compensatory Damages, plus interest;

2.    Punitive Damages;

3.    An Order permanently enjoining each defendant from selling cigarettes for any price less than the applicable regulated minimum prices, or in any event their cost or taking any action that has the affect of lowering the expense incurred by their customers to purchase their cigarettes to below the applicable regulated minimum prices or their cost;

4.    Costs and attorney's fees; and

5.    All such further relief as this Court deems appropriate and just.


**SAUL EWING LLP**


Michael F. Bonkowski (No. 2219)
Kimberly M. Large (No. 4422)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6800

Counsel for L.J. Zucca, Inc.

Dated:  January 8, 2007

## <u>VERIFICATION OF SCOTT ZUCCA</u>

STATE OF NEW JERSEY     )
                              )     SS.
COUNTY OF CUMBERLAND   )

BE IT REMEMBERED that on this _5_ day of January, 2007, personally appeared

before me, the Subscriber, a Notary Public for the State and County aforesaid, who, being duly

sworn, deposes and states that he is legally authorized agent and representative of the plaintiff,

has personal knowledge of the instant litigation and has reviewed the foregoing FIRST

AMENDED VERIFIED COMPLAINT which is true, to the best of his knowledge, information

and belief, based on such personal information as he has and as is available to him.

_____
Scott Zucca, Principal of L.J. Zucca, Inc.

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

_____
NOTARY PUBLIC
My Commission Expires: _3 -17 - 10_

# EXHIBIT 1

IN THE ~~UNITED STATES DISTRICT~~ COURT ~~OF CHANCERY OF~~
~~FOR~~ THE ~~STATE~~DISTRICT OF DELAWARE
~~IN AND FOR NEW CASTLE COUNTY~~

| | | |
|---|---|---|
| ~~L.J. ZUCCA, INC.,~~ | : | |
| | : | |
| | : | |
| ~~Plaintiff,~~ | : | |
| | : | |
| ~~v.~~ | : | ~~C.A. No.~~ _____ |
| | : | |
| ~~ALLEN BROS. WHOLESALE~~ | : | |
| ~~DISTRIBUTORS INC.; COOPER-BOOTH~~ | : | |
| ~~WHOLESALE COMPANY; EBY-BROWN~~ | : | |
| ~~COMPANY LLC; and KLEIN CANDY CO. LP;~~ | : | |
| | : | |
| ~~Defendants.~~ | : | |

| | | |
|---|---|---|
| L.J. ZUCCA, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action NO.: 1:07-cv-00002 |
| | : | |
| v. | : | |
| | : | Removed from Chancery Court |
| ALLEN BROS. WHOLESALE | : | New Castle County, Delaware |
| DISTRIBUTORS INC.; COOPER-BOOTH | : | C.A. No. 2572-N |
| WHOLESALE COMPANY; EBY-BROWN | : | |
| COMPANY LLC; and WESTERN SKIER, | : | |
| LTD. F/K/A KLEIN CANDY CO. LP, | : | |
| | : | |
| Defendants. | : | |

## FIRST AMENDED VERIFIED COMPLAINT

Plaintiff, L.J. Zucca, Inc. ("Zucca"), by its undersigned counsel, brings this complaint

against the Defendants, and as grounds therefore states as follows:

## PRELIMINARY STATEMENT

By way of its Verified Complaint, Zucca seeks, *inter alia*, a Preliminary and Permanent

Injunction to prevent Defendants' continuing breaches of the Delaware Unfair Cigarette Sales

Act, as well as awarding Zucca its damages for the Defendants' torts against Zucca. Zucca and

the Defendants are wholesalers of cigarettes, as defined by the Unfair Cigarette Sales Act and

other cigarette laws.   The Unfair Cigarette Sales Act promotes fair competition between wholesalers.  The Defendants, Zucca's competitors, have sold and continue to regularly sell cigarettes below their cost and the minimum prices prescribed by applicable laws, with the intent to remove or substantially lessen competition in Delaware by, *inter alia*:  (1) giving retailers free merchandise and "miscellaneous credits," (2) presenting retailers with invoices facially at full price but with the understanding that they need not be paid in full, and (3) delivering cash-filled envelopes, as well as checks and credit memos, to retailers as purported rebates.  Zucca therefore asks the Court to:

(1)     enjoin Defendants from violating the Unfair Cigarette Sales Act, by specifically enjoining them from selling cigarettes below regulated minimum prices or their costs, and enjoining them from acting to lower the expense incurred by their customers to buy cigarettes below the regulated minimum prices or their costs;

(2)     award Zucca such compensatory damages as are required by law and equity for Defendants' breaches of the Act, their unfair competition, and their tortious interference with Zucca's existing contracts and prospective economic advantages;

(3)     award Zucca punitive damages; and

(4)     award Zucca its costs, attorney's fees and such other relief as the Court deems reasonable and proper.

## THE PARTIES

1.     Plaintiff Zucca is a New Jersey corporation with its principal place of business at 760 S. Delsea Drive, Vineland, New Jersey 08362-1447.

2.     Defendant Allen Bros. Wholesale Distributors Inc. is a Pennsylvania corporation with its principal place of business (and its registered agent) at 120 West Erie Avenue, Philadelphia, PA 19104-2725.

3.    Defendant Cooper-Booth Wholesale Company is a Pennsylvania limited partnership with its principal place of business (and its registered agent) at 100 Lincoln West Drive, Mountville, PA 17554.

4.    Defendant Eby-Brown Company LLC is a Delaware limited liability company with its principal place of business at 280 West Shuman Boulevard, Suite 280, Naperville, IL 60566-7067.  Defendant Eby-Brown may be served care of its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5.    Defendant Western Skier, Ltd. f/k/a Klein Candy Co. LP is a Pennsylvania limited partnership with its principal place of business (and its registered agent) at 230 Butler St, Kingston, PA 18704 (hereafter, "Klein Candy Co." or "Klein").  Klein was a Pennsylvania limited partnership with its principal place of business (and its registered agent) at 100 West End Road, Wilkes-Barre, PA 18702.  Klein is represented by the firm of Kostelanetz & Fink, LLP in New York, New York.

6.    Each of the defendants is a wholesale distributor of cigarettes and other consumer products.

## Jurisdiction and Venue

7.    This Court has personal jurisdiction over each of the defendants, since each has conducted and continues to conduct business in Delaware by the following acts:  (1) contracting with Delaware entities to sell cigarettes/other consumer products in Delaware, (2) delivering products to Delaware residents, and (3) receiving payments from Delaware residents. Additionally, Defendant Eby-Brown Co. is an entity organized in the State of Delaware. Likewise, venue is proper in New Castle County as a number of the acts complained of occurred therein.

## FACTUAL BACKGROUND

8.      Pursuant to Delaware's Unfair Cigarette Sales Act (hereafter, the "Act"), it is
unlawful for wholesale distributors, who act with the intent to injure competitors or to destroy or
substantially lessen competition, (a) to sell cigarettes at a price that is less than the wholesalers'
cost of acquisition, or (b) to offer rebates, concessions, credits or other incentives in connection
with the sale of cigarettes. *See* 6 *Del. C.* §§ 2601 *et seq.* (2001).

9.      The Act and its enabling regulations establish the minimum sales prices of
cigarettes. *See, e.g.,* 6 *Del. C.* §§ 2602, 2603. It is deemed *prima facie* evidence of a violation of
the Act (6 *Del. C.* § 2606) for a wholesaler to sell cigarettes below prescribed minimum prices,
either alone or in combination with rebates, incentives, or concessions that effectively lower the
amount paid below the minimum price. *See* 6 *Del. C.* § 2604.

10.     Pursuant to Section 2607 of the Act, any injured competitor is provided with a
private right of action for injunctive relief in the Court of Chancery against the wholesaler, as
well as an award of damages and costs.

11.     A wholesaler is "any person who regularly sells tobacco products within this State
to others who buy for the purpose of resale to the ultimate consumer or any person who, because
of volume of cigarette sale business and other criteria as determined by the manufacturer, has the
privilege of buying direct from the manufacturer." 6 *Del. C.* § 2602. Zucca and the defendants
are wholesale distributors of cigarettes to convenience stores and other retail outlets in Delaware
and other states.

12.     Zucca alleges that the defendants have sold and continue to regularly sell
cigarettes below their cost and the minimum prices prescribed by applicable laws, with the intent
to remove or substantially lessen competition in Delaware by, *inter alia*: (1) giving retailers free
merchandise and "miscellaneous credits," (2) presenting retailers with invoices facially at full

price but with the understanding that they need not be paid in full, and (3) delivering cash-filled envelopes, as well as checks and credit memos, to retailers as rebates.

13.    Zucca has not and will not participate in such unlawful activity.

14.    As a result of the defendants' violations of the Act, Zucca has been (and continues to be) damaged by its loss to the defendants of substantial business in the form of existing and potential customers, the loss of market share, and ultimately the loss of revenue.

### ALLEGATIONS AGAINST INDIVIDUAL DEFENDANTS

15.    In addition to the wrongful rebating and sales below costs applicable to each defendant, Zucca asserts the following defendants' individual acts of wrongful rebating and its resulting damages.

16.    <u>Allen Brothers Wholesale Distributors</u>:  Allen Brothers has given Delaware retailers rebates of as much as 65 cents per carton.  Allen Brothers gives its rebate customers an invoice with its prices near the minimum sales price, but then it provides monthly rebates or kick-backs in cash or check, which drop the actual sales price below the minimum amounts.

17.    Allen Brothers' wrongful conduct in Delaware has resulted in Zucca losing all or nearly all of its sales to certain of its customers.  Those retailers whose business Zucca has totally or substantially lost on account of Allen Brothers' rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year):  Airport News and Tobacco in New Castle (peak sales of $123,235 in 1998), Concord Exxon in Wilmington (peak sales of $109,504 in 2005), Ridge Tobacco in Claymont (peak sales of $48,923 in 2001), and Steele's Texaco in Wilmington (peak sales of $27,517 in 2003).  In all cases, Zucca has lost all or most of its sales to that customer.

18.     Based upon Allen Brothers' wrongful interference with Zucca's actual and prospective contractual relations, Allen Brothers' improper rebating tortiously interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

19.     <u>Cooper-Booth Wholesale Co.</u>: Cooper-Booth has engaged in an organized rebating of cigarettes in the Mid-Atlantic States, including in Delaware, according to its own internally documented system.  Cooper-Booth rebated every client that had substantial cigarette sales, only eliminating the rebates if the client became a credit risk. These rebates are calculated according to "grid" systems.  (An example of the grid used by Cooper-Booth to rebate cigarettes in the state of Delaware is attached as Exhibit A hereto).  The rebate was largely based upon the volume of cigarettes purchased, averaged out over a period of weeks in a given month.

20.     This calculated and systematic rebating program is still used today by Cooper-Booth throughout Delaware to interfere with the actual and prospective contractual relations between retailers and competitor distributors, such as Zucca.

21.     Cooper-Booth's wrongful conduct in Delaware has resulted in Zucca's losing all or nearly all of its sales to certain of its customers.  Retailers whose business Zucca has totally or substantially lost on account of Cooper-Booth's rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year):  B&D Shell in Newark (peak sales of $20,008 in 2001), Brandywine Cigarette Outlet in Wilmington (peak sales of $1,870,049 in 2002), Harrington Cigarette Outlet in Harrington (peak sales of $391,330 in 2002), Rehoboth Cigarette Outlet in Rehoboth (peak sales of $3,126,999 in 1999), and Seaford Cigarette Outlet in

Seaford (peak sales of $2,410,762 in 1999). In all cases, Zucca has lost all or most of its sales to that customer.

22.     Due to this wrongful rebating scheme by Cooper-Booth throughout Delaware, Cooper Booth has interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

23.     <u>Eby-Brown Co.</u>: Eby-Brown has rebated to Delaware retailers. Eby-Brown regularly issues invoices to retailers that state prices at or above the minimum price, then issues monthly rebate checks which effectively bring the actual cost incurred by retailers below the minimum.

24.     Eby-Brown's wrongful conduct in Delaware has resulted in Zucca's losing all or nearly all of its sales to certain of its customers. Retailers whose business Zucca has totally or substantially lost on account of Eby-Browns' rebating include the following (with Zucca's peak annual sales to a customer for a given calendar year): Oasis Travel Plaza in Laurel (peak sales of $52,617 in 2004), Rehoboth Cigarette Outlet in Rehoboth (peak sales of $3,126,999 in 1999), Ridge Tobacco in Claymont (peak sales of $48,923 in 2001), and Seaford Cigarette Outlet in Seaford (peak sales of $2,410,762 in 1999). In all cases, Zucca has lost all or most of its sales to that customer.

25.     Eby-Brown's wrongful rebating has interfered with Zucca's protected prospective economic advantage with potential retailer customers. In this regard, Eby-Brown's wrongful rebating has caused Zucca to lose prospective business with such retailers as: Discount Cigarette Outlet in Fenwick Island, Duck Inn in Selbyville, Felton Mobil in Felton, and Mike's Food Market in Milford.

26.    Due to this wrongful rebating scheme by Eby-Brown throughout Delaware, Eby-Brown has interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

27.    <u>Klein Candy Co.</u>: Klein has given rebates of as much as 75 cents per carton to retailers in Delaware, both large and small. Klein has rebated in Delaware through such devices as rebates provided to retailers as airline frequent flyer miles (presumably due to tracing difficulties), and issuing bogus 1099 tax forms to funnel cash to retailers by fraudulently casting its retailer customers as its "consultants" and/or "employees."

28.    ~~In fact, according to published reports, three men associated with Klein were charged with federal tax evasion and related counts in 2001.  (A copy of a news article from the Times Leader, dated March 20, 2001, is annexed to hereto as Exhibit B.)~~

<u>28.</u>    ~~29.~~ Klein's wrongful conduct in Delaware has resulted in Zucca losing all or nearly all of its sales to certain of its customers. Retailers whose business Zucca has totally or substantially lost on account of Klein include the following (with Zucca's peak annual sales to a customer for a given calendar year):  Brandywine Cigarette Outlet in Wilmington (peak sales of $1,870,049 in 2002), Concord Exxon in Wilmington (peak sales of $109,504 in 2005), and Ridge Tobacco in Claymont (peak sales of $48,923 in 2001).  In all cases, Zucca has lost all or most of its sales to that customer.

<u>29.</u>    ~~30.~~ Klein's wrongful rebating has also interfered with Zucca's prospective economic advantage with potential retailer customers. In this regard, Klein's wrongful rebating has caused Zucca to lose the prospective business with retailers including, but not limited to, Discount Cigarette Outlet in Fenwick Island and Duck Inn in Selbyville.

30.    ~~31.~~ Due to this wrongful rebating scheme by Klein throughout Delaware, Klein has interfered and continues to tortiously interfere with Zucca's contractual relations with its other existing customers and its prospective contractual relations with other retailers in its markets, all in violation of the Act.

### COUNT I
### (Violations of the Delaware Unfair Cigarette Sales Act)
### (Against All Defendants)

31.    ~~32.~~ Paragraphs 1 through ~~31~~30 above are incorporated herein by reference.

32.    ~~33.~~ All of the defendants have violated the Act, 6 *Del. Code* §§ 2601, *et seq.* (2001) and its enabling regulations, as they have acted, and continue to act, with the intent to remove or substantially lessen competition, by providing their customers (Zucca's one-time customers) and Zucca's potential customers with rebates, monetary incentives, credits, and other valuable considerations (collectively, the "Rebates"). These Rebates reduce the ultimate sales price to less than both the statutory minimum price and the defendants' costs.

33.    ~~34.~~ In combination with their unlawful Rebates, the defendants have all sold, and continue to sell, cigarettes at below the prescribed minimum sales prices established in Delaware. Such sales are *prima facie* evidence of violation of the Act.

34.    ~~35.~~ As a direct result of the defendants' violations of the Act and its regulations, Zucca has suffered and continues to suffer substantial damages in the form of lost sales (cigarettes and other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share.

### COUNT II
### (Tortious Interference with Existing Contracts)
### (Against All Defendants)

35.    ~~36.~~ Paragraphs 1 through ~~35~~34 above are incorporated herein by reference.

36. 37. Zucca had existing contractual relations with numerous retail customers in Delaware.

37. 38. The defendants knew of those existing contractual relations yet intentionally interfered with them, without privilege or justification, by wrongfully granting cash rebates, incentives, credits, or other monetary benefits and selling cigarettes below their own cost or the applicable regulated minimum price.

38. 39. By so acting, the defendants intended to limit competition within the markets in which they and Zucca did business, and/or acted intentionally to retaliate against Zucca for its refusal to sell cigarettes below cost or otherwise do business in violation of the Act.

39. 40. Zucca has lost existing contractual relations with its customers as a direct result of the defendants' wrongful interference.

40. 41. Zucca has suffered actual legal damages in the form of lost sales (cigarettes and other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share as a direct result of the defendants' tortious interference.

41. 42. The defendants are joint tortfeasors in the resulting loss of profit and loss of market share, as their wrongful conduct combined to create these single harms.

42. 43. The defendants' tortious interference was outrageous and malicious because it was accomplished by flagrantly violating unfair cigarette sales laws by, among other things, granting cash rebates and selling cigarettes below their actual cost with intent to limit competition.

## COUNT III
### (Tortious Interference with Prospective Economic Advantage)
### (Against All Defendants)

43. 44. Paragraphs 1 through 4342 above are incorporated herein by reference.

44. 45. Zucca was positioned to and will gain prospective economic advantage from selling cigarettes and other products to various cigarette retailers in Delaware.

45. 46. Zucca had and has a reasonable expectation of obtaining some or all of these prospective economic relations.

46. 47. All of the defendants jointly and severally tortiously interfered with Zucca's prospective economic advantage, without justification or excuse, by wrongfully granting, with intent to injure its competition and/or retaliate against Zucca for not also selling cigarettes in violation of the Act, cash rebates, incentives, credits, or other monetary benefits and selling cigarettes below their own cost or the applicable regulated minimum price.

47. 48. But for the defendants' joint and several wrongful interference, Zucca would have received and would continue to receive some or all the anticipated economic benefits of its prospective economic relations and gained market share.

48. 49. Zucca has suffered actual legal damages in the form of lost sales (cigarettes, other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share as a direct result of the defendants' tortious interference.

49. 50. The defendants are joint tortfeasors in the resulting loss of profit and loss of market share as their wrongful conduct combined together to cause these single harms.

50. 51. The defendants' joint tortious interference was outrageous because it was accomplished by flagrantly violating unfair cigarette sales laws by, among other things, granting cash rebates and selling cigarettes below their actual cost with intent to limit competition.

### COUNT IV
### (Unfair Competition)

51. 52. Paragraphs 1 through 51 50 above are incorporated herein by reference.

52.    53. By the misconduct described above, all of the defendants have engaged in unfair competition against Zucca.

53.    54. As a direct result of that unfair competition, Zucca has suffered actual legal damages measured by lost sales (cigarettes and related goods, including other tobacco products, candy, groceries, health and beauty aids, and toiletries) and lost market share.

54.    55. The defendants' unfair competition was outrageous because it was accomplished by flagrantly and maliciously violating unfair cigarette sales laws by, among other things, granting cash rebates and selling cigarettes below their actual cost with intent to limit competition.

## COUNT V
### (Injunction)

55.    56. Paragraphs 1 through 55 54 above are incorporated herein by reference.

56.    57. Defendants have wrongfully violated the Unfair Cigarette Sales Act by, with intent to remove or substantially lessen competition, providing their customers (one-time Zucca customers) and Zucca's potential customers with rebates, monetary incentives, credits, and other valuable considerations (the "Rebates") which reduce the ultimate sales price to less than both the statutory minimum price and their cost.

57.    58. The Act provides for injunctive relief against a wholesaler for the commission of violations of the Act, as well as the award of damages and costs.

58.    59. Zucca has no adequate remedy at law, and is entitled to injunctive relief by the Court of Chancery.

59.    60. Zucca will suffer irreparable and imminent harm should the acts of the Defendants continue.

60. 61. The Defendants should be enjoined from further violating the Act and should be required to comply with its provisions, including its unfair restraint on competitors such as Zucca.

WHEREFORE, Zucca demands judgment in its favor and against defendants, jointly and severally, awarding the following relief:

1.      Compensatory Damages, plus interest;

2.      Punitive Damages;

3.      An Order permanently enjoining each defendant from selling cigarettes for any price less than the applicable regulated minimum prices, or in any event their cost or taking any action that has the affect of lowering the expense incurred by their customers to purchase their cigarettes to below the applicable regulated minimum prices or their cost;

4.      Costs and attorney's fees; and

5.      All such further relief as this Court deems appropriate and just.


**SAUL EWING LLP**


_____
Michael F. Bonkowski (No. 2219)
Kimberly M. Large (No. 4422)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6800

Counsel for L.J. Zucca, Inc.

Dated: November 22, 2006 January 8, 2007

Document comparison done by DeltaView on Monday, January 08, 2007 4:26:31 PM

| Input: | |
|---|---|
| Document 1 | pcdocs://wilm/542631/2 |
| Document 2 | pcdocs://wilm/542631/4 |
| Rendering set | |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 37 |
| Deletions | 61 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 98 |

# EXHIBIT A

## Foodservice Beverage and Ancillary Products

| | |
|---|---|
| Lacas Coffee | 40¢ Cash Back per cs |
| Morning Star Creamers International Delights | Up to 36¢ Cash Back per cs |
| Sundance Moon Coffee | 40¢ Cash Back/Case |

### Grocery

| | |
|---|---|
| Church & Dwight | Up to 7% Cash Back |
| Dile | 5% Cash Back |
| Dole | Up to 3% Cash Back |
| Domino Sugar | Up to 6¢ Cash Back |
| EAS | Up to 10% Cash Back |
| EAS Piranha Vitamins | Up to 2% Cash Back |
| General Mills | Up to 5% Cash Back |
| JM Smucker's | Up to .5% Cash Back |
| Maruchan | 10¢ Cash Back/Case |
| Mrs. Smith's/Mrs. Freshley's | Up to 24¢ Cash Back/Box |
| Pillsbury Dry | Up to 5% Cash Back |
| Power Food Inc, 6 different PowerBars and Harvest Bars | 50¢ Cash Back per box |
| Reckitt Benckiser French's Products Cleaning Products | Up to 5% Cash Back Up to 6% Cash Back |
| Slim Fast | 3¢ Cash Back |
| Slim Fast Bars | 4% Cash Back per box |
| Seltzer's Meat | Up to 8¢ Cash Back |
| Unilever/Best Foods | Up to 15% Cash Back |

### Foodservice

| | |
|---|---|
| Delorio's 28oz Pizza Flat | 50¢ Cash Back/Case |

| | |
|---|---|
| Don Miguel | Up to $1.00 Cash Back/Case |
| Foster Farms | Up to 38¢ Cash Back/Case |
| Gehl's | Up to $1.00 Cash Back/Case |
| Heinz/Quality Chef | Up to $1.00 Cash Back per bag Up to $102.00 semiannually |
| Heinz Dry | Up to $1.00 Cash Back per case |
| Home Market Foods Rollerbites | Up to 50¢ Cash Back/case |
| Hot & Spicy Bahama Mama | Up to $1 0 + |
| Jimmy Dean | Up to $2.00 Cash Back per case |
| Roller Grill Products Breakfast Sandwiches | Up to 20¢ Cash Back/ lb. Up to 10¢ / lb. Cash Back |
| Kunzler | Up to 10¢ Cash Back/ lb |
| Kunzler Presliced | Up to 10¢ Cash Back/lb. |
| Kunzler Deli Items | Up to 8¢ Cash Back/lb. |
| Nathan's | Up to 50¢ Cash Back per case |
| Otis Spunkmayer | Up to 3% Cash Back |
| Peterson Nut | Up to $1.00 Cash Back per case |
| Phillips Pizza | Up to 30¢ Cash Back per box |
| Pierce | 10¢ Cash Back/lb. |
| Pierre Foods | Up to 75¢ Cash Back/12 pack |
| Sara Lee | 25¢ Cash Back per case |
| Sara Lee - Donuts | 5¢ Cash Back per tray |
| Schwans | Up to 25¢ Cash Back per case |
| Seltzer's Meat | Up to 40¢ Cash Back per case |

# 2003 Accrual Program Summary

Meet the Specific Program Requirements and Earn the Following:

## Candy

| | |
|---|---|
| Ferrara Pan Candy | Up to 5% Cash Back |
| Hershey Peg Chocolate Product | 4¢ Cash Back/Bag |
| Changemaker | Up to 50¢ Cash Back/Changemaker |
| Hershey Non-Chocolate | 50¢ Cash Back/Box |
| Just Born | Up to 25¢ Cash Back/Box |
| M&M Mars Peg Bags | 10¢ Cash Back/Box |
| King Size | 25¢ Cash Back/Box |
| Nestle Standard & King Size Bars | Up to 50¢ Cash Back/Box |
| New England Confectionery Necco Products | Up to 5% Cash Back |
| Topps Chewing Gum Ring Pops, Bazooka and Push Pop items. | 25¢ Cash Back/Box |
| Snak Stop | 1% Cash Back |
| Van Melle Mentos and Airheads | Up to 27¢ Cash Back/Box |
| Willy Wonka Count Good Candies | Up to 50¢ Cash Back/Box |

## Juice & Water

| | |
|---|---|
| Meridian Water (25 cases of any 5 different items) | 25¢ Cash Back/Case |

## Tobacco Products & Accessories

| | |
|---|---|
| Avanti Cigars | Up to 35¢ Cash Back |
| EZ Wider & Joker | Up to $8.00 Cash Back/Roll |
| Grizzly Products | 25¢ Cash Back/Roll |
| Inter-Continental Cigar Al-Capone Sweets, Slims, or Pockets | 25¢ Cash Back |

## HBC, Auto & Non-Foods

| | |
|---|---|
| Bayer | Up to 3.5% Cash Back |
| DMD Pharmaceuticals | 36¢ Cash Back |
| DMD Pharmaceuticals 36ct Bottles | 5¢ Cash Back |
| Duracell Carded Items | Up to 5% Cash Back |
| Display | 5% Cash Back |
| Durex | 10¢ Cash Back/ 3-pack Box |
| Eveready Battery | 2% Cash Back On Carded Batteries |
| Exxon Oil | Up to 30¢ Cash Back/Case |
| Mobil Oil | Up to 30¢ Cash Back/Case |
| Navajo Mfg. | Up to 5% Cash Back |
| STP | Up to 5% Cash Back |
| White Rain | Up to 5% Cash Back |
| Wyeth Healthcare | Up to 6% Cash Back |

| Code | Brand | Rebate for 1000 cartons per delivery | Terms Reduction from Rebate | Cartons | Dollar Amount |
|---|---|---|---|---|---|
| 110 | PREMIUM KS/100 LCR | $0.60 | $0.00 | 375 | $225.00 |
| 111 | PREMIUM KS/100 PM/RJR/B&W | $0.60 | $0.00 | 547 | $328.20 |
| 115 | GENERICS KS/100 LCR | $0.55 | $0.00 | 3 | $1.65 |
| 116 | GENERICS KS/100 PM,RJR/B&W | $0.55 | $0.00 | 75 | $41.25 |
| 117 | Pyramid | $0.00 | $0.00 | 0 | $0.00 |
| 120 | GPC/Viceroy/Misty | $0.00 | $0.00 | 0 | $0.00 |
| 121 | Santa Fe | $0.00 | $0.00 | 0 | $0.00 |
| 130 | Bailey's | $0.00 | $0.00 | 0 | $0.00 |
| 131 | Dynamic | $0.00 | $0.00 | 0 | $0.00 |
| 135 | Tahoe | $0.00 | $0.00 | 0 | $0.00 |
| 140 | Liggett Select | $0.00 | $0.00 | 0 | $0.00 |
| 145 | Monarch/Quality Smokes | $0.00 | $0.00 | 0 | $0.00 |
| 147 | Massey/Montclair | $0.00 | $0.00 | 0 | $0.00 |
| 150 | Doral/Value Stock | $0.00 | $0.00 | 0 | $0.00 |
| 160 | 1st Class | $0.00 | $0.00 | 0 | $0.00 |
| 170 | Gem Smoke | $0.00 | $0.00 | 0 | $0.00 |
| 175 | Checkers | $0.00 | $0.00 | 0 | $0.00 |
| 180 | USA Gold | $0.00 | $0.00 | 0 | $0.00 |
| 185 | Wave | $0.00 | $0.00 | 0 | $0.00 |
| 190 | Promo - Premium | $0.30 | $0.00 | 0 | $0.00 |
| 191 | Promo - Premium PM, RJR, B&W | $0.30 | $0.00 | 0 | $0.00 |
| 193 | Promo - Generic | $0.28 | $0.00 | 0 | $0.00 |
| 196 | Promo - Generic PM, RJR, B&W | $0.28 | $0.00 | 0 | $0.00 |
|  |  |  |  | 1000 |  |

Customer Rebate Amount $596.10

**Average Cartons per Delivery for the Month**

| Code | 0 | 0 | 200 | 400 | 600 | 800 | 1,000 |
|---|---|---|---|---|---|---|---|
| 110 | $0.00 | $0.00 | $0.00 | $0.25 | $0.50 | $0.55 | $0.60 |
| 111 | $0.00 | $0.00 | $0.00 | $0.25 | $0.50 | $0.55 | $0.60 |
| 115 | $0.00 | $0.00 | $0.00 | $0.20 | $0.45 | $0.50 | $0.55 |
| 116 | $0.00 | $0.00 | $0.00 | $0.20 | $0.45 | $0.50 | $0.55 |
| 117 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 120 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 121 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 130 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 131 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 135 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 140 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 145 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 147 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 150 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 160 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 170 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 175 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 180 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 185 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 190 | $0.00 | $0.00 | $0.00 | $0.15 | $0.20 | $0.25 | $0.30 |
| 191 | $0.00 | $0.00 | $0.00 | $0.15 | $0.20 | $0.25 | $0.30 |
| 193 | $0.00 | $0.00 | $0.00 | $0.13 | $0.18 | $0.23 | $0.28 |
| 196 | $0.00 | $0.00 | $0.00 | $0.13 | $0.18 | $0.23 | $0.28 |

| 37.5% | 37.5% |
|---|---|
| 54.7% | 54.7% |
| 0.3% | 0.3% |
| 7.5% | 7.5% |
| 100.0% | 100.0% |

1. Explain that they need at least 1,000 cartons per delivery, what is the total weekly volume?
2. Explain the $0.03 per carton, per week "terms reduction".
3. Explain "sliding rebate" metric.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L.J. ZUCCA, INC.,                                          :
                                                          :
                              Plaintiff,                   :        CIVIL ACTION NO.: 1:07-cv-00002
                                                          :
             v.                                           :
                                                          :        Removed from Chancery Court
ALLEN BROS. WHOLESALE                                      :        New Castle County, Delaware
DISTRIBUTORS INC.; COOPER-BOOTH                            :        C.A. No.  2572-N
WHOLESALE COMPANY; EBY-BROWN                               :
COMPANY LLC; and KLEIN CANDY CO. LP,                       :
                                                          :
                              Defendants.                  :

### CERTIFICATE OF SERVICE

I, Kimberly M. Large, Esquire, hereby certify that on January 8, 2007, I electronically

filed the FIRST AMENDED VERIFIED COMPLAINT with the Clerk of Court using CM/ECF

which will send notification of such filing.  A copy of the document was served on the following

counsel in the manner indicated:

**VIA REGULAR MAIL**                         **VIA REGULAR MAIL**

David K. Sheppard, Esquire                    Stephen M. Orlofsky, Esquire
1201 Market Street                            Kit Applegate, Esquire
Suite 800                                     210 Lake Drive East, Suite 200
Wilmington, DE  19801                         Woodland Falls Corporate Park
                                              Cherry Hill, NJ  08002

**VIA REGULAR MAIL**                         **VIA REGULAR MAIL**

Christopher M. Ferguson                       Michael J. Fioretti, Esquire
Kostelanetz & Fink, LLP                       Law Offices of Chance & McCann
530 Fifth Avenue                              201 West Commerce Street
New York, New York 10036                      Bridgeton, New Jersey 08302

<u>**VIA REGULAR MAIL**</u>

Allen Bros. Wholesale Distributors Inc.
120 West Erie Avenue
Philadelphia, PA 19104-2725

**SAUL EWING LLP**

Kimbery M. Large (Bar # 4422)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
mbonkowski@saul.com

Counsel for L.J. Zucca, Inc.