IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
L.J. ZUCCA, INC.,                                :

                           Plaintiff,    :   Civil Action No.: 1:07-cv-00002

        v.                                        :

ALLEN BROS. WHOLESALE DISTRIBUTORS    :       ANSWER
INC.; COOPER-BOOTH WHOLESALE
COMPANY; EBY-BROWN COMPANY LLC;         :
and WESTERN SKIER, LTD. F/K/A KLEIN
CANDY CO. LP;                                    :

                       Defendants.  :
------------------------------------------------------------X

       Defendant Western Skier Ltd., f/k/a Klein Candy Co., L.P. (the "Answering Defendant"), by its attorneys, Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and Kostelanetz & Fink, LLP, appearing of counsel, as and for its Answer to the First Amended Verified Complaint dated January 8, 2007 (the "Amended Complaint"), hereby denies the allegations set forth in the un-numbered "preliminary statement" contained in said pleading and responds to the remaining allegations in said pleading as follows:

       1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

       2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

       3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

       4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5. Admits the allegations contained in Paragraph 5 of the Amended Complaint.

6. Denies the allegations contained in Paragraph 6 of the Amended Complaint.

7. Denies that the Answering Defendant continues to conduct business in the State of Delaware, and otherwise admits, as to the Answering Defendant, the remaining allegations contained in said paragraph, except those which state conclusions of law, as to which no responsive pleading is required.

8. Admits that the State of Delaware has enacted 6 Del. C. §§ 2601 et seq., denies, to the extent inconsistent with the text of said legislation, plaintiff's characterization of its terms and purpose, and respectfully refers the Court to said legislation for its terms and legislative history thereof.

9. Admits that the State of Delaware has enacted 6 Del. C. §§ 2601 et seq., denies, to the extent inconsistent with the text of said legislation, plaintiff's characterization of its terms and purpose, and respectfully refers the Court to said legislation for its terms and legislative history thereof.

10. Admits that the State of Delaware has enacted 6 Del. C. §§ 2601 et seq., denies, to the extent inconsistent with the text of said legislation, plaintiff's characterization of its terms and purpose, and respectfully refers the Court to said legislation for its terms and legislative history thereof.

11. Admits that the State of Delaware has enacted 6 Del. C. §§ 2601 et seq., denies, to the extent inconsistent with the text of said legislation, plaintiff's characterization of its terms and purpose, and respectfully refers the Court to said legislation for its terms and legislative history thereof, and further denies, as to the Answering Defendant, the remaining allegations contained in said paragraph.

12. States that Paragraph 12 of the Amended Complaint purports to describe the allegations which plaintiff makes elsewhere in its pleading. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies said allegations as to itself, except those that state conclusions of law, as to which no responsive pleading is required.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14. Denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. States that Paragraph 15 of the Amended Complaint purports to describe the allegations which plaintiff makes elsewhere in its pleading. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies said allegations as to itself, except those that state conclusions of law, as to which no responsive pleading is required.

16. States that the allegations in Paragraph 16 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

17. States that the allegations in Paragraph 17 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

18. States that the allegations in Paragraph 18 are directed to a party other than

the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

19. States that the allegations in Paragraph 19 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

20. States that the allegations in Paragraph 20 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

21. States that the allegations in Paragraph 21 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

22. States that the allegations in Paragraph 22 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

23. States that the allegations in Paragraph 23 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

24. States that the allegations in Paragraph 24 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

25. States that the allegations in Paragraph 25 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

26. States that the allegations in Paragraph 26 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

27. Denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. Denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. Denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Repeats and realleges its response to each and every allegation incorporated by reference in Paragraph 31 of the Amended Complaint.

32. Denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Repeats and realleges its response to each and every allegation incorporated

by reference in Paragraph 35 of the Amended Complaint.

    36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

    37. Denies the allegations contained in Paragraph 37 of the Amended Complaint.

    38. Denies the allegations contained in Paragraph 38 of the Amended Complaint.

    39. Denies the allegations contained in Paragraph 39 of the Amended Complaint.

    40. Denies the allegations contained in Paragraph 40 of the Amended Complaint.

    41. Denies the allegations contained in Paragraph 41 of the Amended Complaint.

    42. Denies the allegations contained in Paragraph 42 of the Amended Complaint.

    43. Repeats and realleges its response to each and every allegation incorporated by reference in Paragraph 43 of the Amended Complaint.

    44. Denies the allegations contained in Paragraph 44 of the Amended Complaint.

    45. Denies the allegations contained in Paragraph 45 of the Amended Complaint.

    46. Denies the allegations contained in Paragraph 46 of the Amended Complaint.

    47. Denies the allegations contained in Paragraph 47 of the Amended Complaint.

    48. Denies the allegations contained in Paragraph 48 of the Amended Complaint.

    49. Denies the allegations contained in Paragraph 49 of the Amended Complaint.

    50. Denies the allegations contained in Paragraph 50 of the Amended Complaint.

    51. Repeats and realleges its response to each and every allegation incorporated by reference in Paragraph 51 of the Amended Complaint.

    52. Denies the allegations contained in Paragraph 52 of the Amended Complaint.

    53. Denies the allegations contained in Paragraph 53 of the Amended Complaint.

    54. Denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. Repeats and realleges its response to each and every allegation incorporated by reference in Paragraph 55 of the Amended Complaint.

56. Denies the allegations contained in Paragraph 56 of the Amended Complaint.

57. States that the allegations contained in Paragraph 57 of the Amended Complaint state conclusions of law as to which no responsive pleading is required.

58. Denies the allegations contained in Paragraph 58 of the Amended Complaint.

59. Denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. Denies the allegations contained in Paragraph 60 of the Amended Complaint to the extent that said paragraph purports to allege that the Answering Defendant has violated Delaware's Unfair Cigarette Sales Act, and states that the remaining allegations in said paragraph state conclusions of law as to which no responsive pleading is required.

### FIRST AFFIRMATIVE DEFENSE

61. The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

### FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean

hands.

## FIFTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred, in whole or in part, by the doctrine of in pari delicto.

## SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred, in whole or in part, on the grounds that plaintiff suffered no damage by reason of the acts or omissions allegedly set forth in its pleading.

## NINTH AFFIRMATIVE DEFENSE

69. Counts I and V of the Amended Complaint are barred by Section 1 of the Sherman Anti-Trust Act, 15 U.S.C. § 1, et seq.

Dated: January 25, 2007

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

*(signature)*

David S. Eagle (DE Bar No. 3387)
Patrick A. Costello (DE Bar No. 4535)
919 Market Street, Suite 1000
Wilmington, DE 19801
(302) 426-1189 (phone)
(302) 426-9193 (fax)
deagle@klehr.com
pcostello@klehr.com
*Attorneys for Defendant Western Skier, Ltd. f/k/a Klein Candy Co., L.P.*

*Of Counsel:*

Brian C. Wille
Christopher M. Ferguson
KOSTELANETZ & FINK, LLP
530 Fifth Avenue
New York, New York 10036
Telephone (212) 808-8100

## CERTIFICATE OF SERVICE

I, David S. Eagle, hereby certify that on January 25, 2007, I caused copies of the foregoing *Answer* to be served on the following counsel of record and in the manner indicated:

**VIA HAND DELIVERY**

Michael F. Bronkowski, Esq.
Kimberly M. Large, Esq.
SAUL EWING LLP
222 Delaware Avenue, Suite 1220
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6800
*Counsel for Plaintiff L.J. Zucca, Inc.*

**VIA HAND DELIVERY**

David K. Sheppard, Esq.
BLANK ROME LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
*Counsel for Defendant Cooper-Booth Wholesale Co.*

**VIA OVERNIGHT MAIL**

Eric Rayz, Esq.
KALIKHMAN & RAYZ, LLC
1051 Country Line Road, Suite 102
Huntingdon Valley, PA 19006
*Counsel for Defendant Allen Bros. Wholesale Distributors, Inc.*

**VIA OVERNIGHT MAIL**

Michael D. Fioretti, Esq.
CHANCE & McCANN, LLC
201 West Commerce Street
Bridgeton, NJ 08302
*Counsel for Defendant Eby-Brown Company, LLC*

David S. Eagle, Esquire (DE Bar No. 3387)