IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.J. ZUCCA, INC., <br><br>              Plaintiff, <br><br>ALLEN BROS. WHOLESALE DISTRIBUTORS, INC.; COOPER-BOOTH WHOLESALE COMPANY; EBY-BROWN COMPANY, LLC; WESTERN SKIER, LTD, f.k/a KLEIN CANDY CO, LP, <br><br>              Defendants. | Civil Action no.: 1:07-cv-00002 <br><br>Removed from Chancery Court <br>New Castle County, Delaware <br>C.A. No. 2572-N <br><br>JURY TRIAL DEMANDED |

## ANSWER OF EBY-BROWN COMPANY, LLC

Defendant, Eby-Brown Company, LLC, by an through its undersigned counsel, hereby answers the First Amended Verified Complaint of Plaintiff, L.J. Zucca, Inc., and states as follows:

### PRELIMINARY STATEMENT

The allegations of this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Answering Defendant, Eby-Brown Company, LLC, denies the allegations of this paragraph.

### THE PARTIES

1.    Admitted.

2.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Amended Complaint.

3.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Amended Complaint.

4.    Admitted.

5.    This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Amended Complaint.

6. Admitted with respect to defendant Eby-Brown Company, LLC. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations directed to defendants other than the Answering Defendant and, therefore, said allegations are denied.

## JURISDICTION AND VENUE

7. Answering Defendant, Eby-Brown Company, LLC, admits only that the United States District Court for the District of Delaware has subject matter jurisdiction over this case and controversy. Answering Defendant Eby-Brown Company, LLC, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore said allegations are denied.

## FACTUAL BACKGROUND

8. Paragraph 8 purports to state law plaintiff claims is applicable to this matter. As such, no answer is required. To the extent an answer is required, denied.

9. Paragraph 9 purports to state law plaintiff claims is applicable to this matter. As such, no answer is required. To the extent an answer is required, denied.

10. Paragraph 10 purports to state law plaintiff claims is applicable to this matter. As such, no answer is required. To the extent an answer is required, denied.

11. Paragraph 11 purports to state law plaintiff claims is applicable to this matter. As such, no answer is required. To the extent an answer is required, denied.

12. Denied as to this defendant. This defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in paragraph 12 of the Amended Complaint.

13. This defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in paragraph 13 of the Amended Complaint.

14. Denied.

20168.1\326820v1

## ALLEGATIONS AGAINST INDIVIDUAL DEFENDANTS

15. Denied.

16. States that the allegations in paragraph 16 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

17. States that the allegations in paragraph 17 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

18. States that the allegations in paragraph 18 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

19. States that the allegations in paragraph 19 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

20. States that the allegations in paragraph 20 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

21. States that the allegations in paragraph 21 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said

paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

22. States that the allegations in paragraph 22 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

23. Denied that Eby-Brown Company, LLC, has unlawfully rebated to any Delaware retailer.

24. Denied.

25. Denied.

26. Denied.

27. States that the allegations in paragraph 27 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

28. States that the allegations in paragraph 28 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

29. States that the allegations in paragraph 29 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

30. States that the allegations in paragraph 30 are directed to a party other than the Answering Defendant. To the extent a responsive pleading might be required to the allegations set forth in said

paragraph, the Answering Defendant denies knowledge or information sufficient to form a belief as to the truth of said allegations.

## COUNT I
### (Violations of the Delaware Unfair Cigarette Sales Act)
### (Against All Defendants)

31. Answering defendant repeats and realleges its response to each and every allegation incorporated by reference in paragraph 31 of the Amended Complaint.

32. Denied.

33. Denied.

34. Denied.

## COUNT II
### (Tortious Interference with Existing Contracts)
### (Against All Defendants)

35. Answering defendant repeats and realleges its response to each and every allegation incorporated by reference in paragraph 35 of the Amended Complaint.

36. Denied as to this defendant. This defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in paragraph 36 of the Amended Complaint.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT III
### (Tortious Interference with Prospective Economic Advantage)
### (Against All Defendants)

43. Answering defendant repeats and realleges its response to each and every allegations incorporated by reference in paragraph 43 of the Amended Complaint.

44. Denied as to this defendant. This defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in paragraph 44 of the Amended Complaint.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT IV
### (Unfair Competition)

51. Answering defendant repeats and realleges its response to each and every allegation incorporated by reference in paragraph 51 of the Amended Complaint.

52. Denied.

53. Denied.

54. Denied.

## COUNT V
### (Injunction)

55. Answering defendant repeats and realleges its response to each and every allegation incorporated by reference in paragraph 55 of the Amended Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. WHEREFORE, defendant, Eby-Brown Company, LLC, demands judgment in its favor, dismissal of plaintiff's First Amended Verified Complaint with prejudice, and award of attorneys' fees and costs, and such other relief as the Court deems just and proper.

## ADDITIONAL DEFENSES

1. Plaintiff L.J. Zucca, Inc.'s claims are barred in whole or in part by the doctrine of unclean hands.

2. Plaintiff L.J. Zucca, Inc.'s claims are barred in whole or in part by the doctrine of laches.

3. Plaintiff L.J. Zucca, Inc.'s claims are barred in whole or in part by the statutes of limitation/repose.

4. Plaintiff L.J. Zucca, Inc.'s claims are barred in whole or in part for failure to state a claim.

5. Plaintiff L.J. Zucca, Inc.'s claims are barred in whole or in part by the doctrine of estoppel.

6. Plaintiff L.J. Zucca, Inc.'s claims are barred in whole or in part by the doctrine of waiver.

7. Plaintiff L.J. Zucca, Inc.'s claims are barred in whole or in part by the doctrine res judicata and/or issue preclusion.

8. The Delaware Unfair Cigarette Sales Act is inapplicable for the reasons set forth in 6 Del. C. § 2605.

9. The Delaware Unfair Cigarette Sales Act is preempted by federal law.

10. The Delaware Unfair Cigarette Sales Act is unconstitutional under the Delaware Constitution.

                                        PRICKETT, JONES & ELLIOTT, P.A.

BY: _____
     DAVID E. BRAND (I.D. No. 201)
     1310 King Street
     P. O. Box 1328
     Wilmington, DE 19899
     (302) 888-6514
     Attorneys for Defendant
     EBY-BROWN COMPANY, LLC

DATE: February 15, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on **February 15, 2007**, I electronically filed the **ANSWER OF EBY BROWN COMPANY, LLC** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Kimberly Michele Large
Michael F. Bonkowski
Saul Ewing LLP
222 Delaware Avenue, #1200
P.O. Box 1266
Wilmington, DE 19899
*Attorneys for Plaintiff*

David S. Eagle, Esquire
Klehr, Harrison, Harvey, Branzburg
  & Ellers
919 Market Street, Suite 1000
Wilmington, DE 19801
*Attorneys for Defendant Klein Candy Co. LP*

David Kyle Sheppard
Blank Rome LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801-4226
*Attorney for Defendant Cooper-Booth Wholesale Company*

James W. Semple
Matthew F. Lintner
David J. Soldo
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
*Attorneys for Defendant Allen Bros. Wholesale Distributions, Inc.*

/s/ David E. Brand
DAVID E. BRAND (I.D. 201)
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19801
(302) 888-6500
debrand@prickett.com

20168.1\327043v1