IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
L.J. ZUCCA, INC.,                 :
                                  :
          Plaintiff,              :
                                  :
     v.                           : Civil Action No. 07-002 JJF
                                  :
ALLEN BROS. WHOLESALE             :
DISTRIBUTORS, INC. et al.,        :
                                  :
          Defendant               :
```

---

Daniel R. Chemers, Esquire, W. Damon Dennis, Esquire, and Pervis Chris Lee, Esquire of SAUL EWING LLP, Wilmington, Delaware. Candice Toll Aaron, Esquire of SAUL EWING LLP, Wilmington Delaware,

Attorneys for Plaintiff.

Christine S. Azar, Esquire of BLANK ROME LLP, Wilmington, Delaware,
Stephen M. Orlofsky, Esquire, and Kit Applegate, Esquire, of BLANK ROME LLP, Cherry Hill, New Jersey.

Attorneys for Defendant, Cooper-Booth Wholesale Company.

---

**MEMORANDUM OPINION**

July 29, 2008

**Farnan,** *Joseph J. Farnan* **District Judge**

Pending before the Court is Defendant Cooper-Booth Wholesale Company's Motion for Judgment on the Pleadings.  For the reasons discussed, the Court will deny Defendant's Motion.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff L.J. Zucca ("Zucca") and Defendants, including Defendant Cooper-Booth Wholesale Company ("Cooper-Booth"), who filed the instant motion for judgment on the pleadings, are wholesale distributors of cigarettes to convenience stores and other retailers in Delaware.  Zucca alleges that Defendants have violated and continue to violate provisions of Delaware's Unfair Cigarette Act, 6 Del. C. §§ 2601 et seq. (2001)("the UCA"). Specifically, Zucca alleges that Defendants "have sold and continue to regularly sell cigarettes below their cost and the minimum prices prescribed by applicable laws with the intent to remove or substantially lessen competition in Delaware." (D.I. 6 ¶ 12.)  Zucca alleges that it has been "damaged by its loss to the defendants of substantial business in the form of existing and potential customers, the loss of market share, and ultimately the loss of revenue." (<u>Id</u>. ¶ 14.)

**II.  LEGAL STANDARD**

A.  <u>Federal Rule of Civil Procedure 12(c)</u>

A party may move for a judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial."

2

Fed. R. Civ. P. 12(c).  The standard under which a court considers a motion for judgment on the pleadings is the same as for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Mele v. Federal Reserve Bank of New York, 359 F.3d 251, 253. (3d Cir. 2004).  Thus, a court must "view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." (Id.)(internal quotations omitted).  A motion for judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Society Hill Civic Association v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.  A plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965

3

(citations omitted).  Therefore, "'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." <u>Phillips</u>, 515 F.3d at 235 (quoting <u>Twombly</u>, 127 S.Ct. at 1965 n. 3).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Id</u>. at 234.

## III.  DISCUSSION

By its Motion, Defendant Cooper-Booth contends that Section 1 of the Sherman Act, 15 U.S.C. § 1 (the "Sherman Act"), preempts Delaware's Unfair Cigarette Sales Act, (the "UCSA"), which mandates that cigarette wholesalers in Delaware sell cigarettes at no less than their cost. 6 Del. C. §§ 2601-2608.

A state statute is presumptively valid and enforceable. <u>See</u> <u>Davis v. Dept. of Labor and Indus. of Washington</u>, 317 U.S. 249, 257 (1942).  A three step analysis applies to determinations of whether a state statute is preempted by the Sherman Act.  First, the Court must determine if the conduct required by the state statute is a per se violation of the Sherman Act.  <u>Fisher v. City of Berkeley, Cal.</u>, 475 U.S. 260,264 (1986).  If it is, the Court must determine whether the conduct is mandated "unilaterally" by the state or

4

whether it is "hybrid" in nature, incorporating both state policy and decisions made by private parties. <u>Id</u>. at 268. Finally, "Legislation that would otherwise be pre-empted ... may nonetheless survive if it is found to be state action immune from antitrust scrutiny under <u>Parker v. Brown</u>, 317 U.S. 341 (1943)." <u>Fisher</u>, 475 U.S. at 265. If it does not qualify for such immunity, the state statute is preempted by the Sherman Act, pursuant to the Supremacy Clause of Article VI, ¶ 2, of the United States Constitution. <u>See</u> <u>Gade v. National Solid Wastes Mgmt. Assoc.</u>, 505 U.S. 88, 108 (1992). The Court will apply this legal standard to issues raised by the present Motion.

      A.   <u>Whether the Delaware Unfair Cigarette Sales Act is a Horzontal Price Restraint and, Therefore, a Per Se Violation of Section 1 of the Sherman Act</u>.

Vertical price fixing is not considered a per se violation of the Sherman act, but may be found to be a violation using the "rule of reason" standard. <u>Leegin Creative Leather Products, Inc.</u>, 12 S. Ct. 2705, 2720. However, "horizontal agreements among competitors to fix prices" are unlawful per se under the Sherman Act. <u>Id</u>. at 2713. The prices agreed upon need not be fixed and uniform to constitute horizontal price fixing if agreement to follow a formula for raising or reducing prices exists. <u>United States v. Socony-Vacuum Oil Co.</u>, 310 U.S. 150, 222 (1940).

5

To show a per se violation of the Sherman Act, the plaintiff must "prove that the defendants conspired among each other and that this conspiracy was the proximate cause of the plaintiff's injury." InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144 (3d Cir. 2003).

The Delaware Unfair Cigarette Sales Act mandates that wholesalers add the "basic cost of cigarettes" they buy (defined as the manufacturers' invoice price, plus freight charges and taxes due, less any discounts) to their cost of doing business (which the statute defines as 5% of the cigarettes' cost, absent proof of lower costs), to determine the minimum price at which they may resell their cigarettes to retailers. 6 Del. C. §§ 2601-2602.

Cooper-Booth argues that the UCSA itself takes the place of agreement between competitors, and that the absence of concerted activity among retailers does not bar the Court from finding a violation of the Sherman Act. Zucca contends that the UCSA does not represent an agreement among competitors to fix prices, that Cooper-Booth has offered no other evidence that such an agreement exists, and that, thus, the UCSA does not mandate horizontal price fixing that would be unlawful, per se, under the Sherman Act.

The Court concludes that, although Cooper-Booth is correct that certain violations of the Sherman Act may exist

6

in the absence of an overt conspiracy, *per se* violations of
the Sherman Act require the existence of such a conspiracy or
agreement.  Cooper-Booth cites <u>California Retail Liquor
Dealers Assoc. v. Midcal Aluminum, Inc.</u>, 445 U.S. 97 (1980),
for the proposition that a state regulatory program may take
the place of an agreement between competitors in establishing
a violation of the Sherman Act.  In <u>Midcal</u>, the Supreme Court
struck down California's wine-pricing system specifically
because it "constitute[d] resale price maintenance," since
wine producers could dictate prices charged by wholesalers.
<u>Midcal</u>, <u>Id</u>. at 103.  As Cooper-Booth itself notes (D.I. 47 at
1) however, resale price maintenance is a form of *vertical*
price fixing, which, after <u>Leegin</u>, is no longer considered a
per se violation of the Sherman Act.  127 S. Ct. at 2720.

    Similarly, the other case Cooper-Booth cites to support
its position that the Court can find a per se violation of
the Sherman Act absent an actual agreement among competitors,
<u>324 Liquor Corp. v. Duffy</u>, also concerns a resale price
maintenance regime, which the Supreme Court characterized as
a vertical, rather than horizontal, form of price fixing.
479 U.S. 335, 340-342 (1987).  In view of <u>Leegin</u>, the Court
does not read either <u>Midcal</u> or <u>324 Liquor</u> as indicating that
per se violations of the Sherman Act, such as horizontal
price fixing, can be found absent proof that conspiracy among

7

competitors exists.

At this juncture, Cooper-Booth has not pointed to any allegation by Zucca that would indicate the existence of a conspiracy or agreement among the wholesalers governed by the UCSA. For its part, the UCSA does not mandate cooperation, nor even communication, between or among wholesalers, rather, it mandates only that individual wholesalers not sell cigarettes for less than the acquisition costs of those cigarettes. Pursuant to <u>InterVest</u>, the Court concludes that Cooper-Booth has not established that the UCSA mandates conduct which could be a per se violation of the Sherman Act and accordingly, the Court concludes that Cooper-Booth has not demonstrated that the UCSA is preempted by the Sherman Act.

Having concluded that Cooper-Booth has failed to satisfy the first prong of the test to determine whether the Sherman Act preempts the UCSA, the Court declines to address Cooper-Booth's other arguments concerning the two remaining prongs of the test.

## III. Conclusion

For the reasons discussed, the Court will deny Defendant Cooper-Booth's Motion for Partial Judgment on the Pleadings (D.I. 46).

An appropriate order will be entered.

8