IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.J. ZUCCA, INC., | : |
| Plaintiff, | : C.A. No. 1:07-CV-2 (JJF) |
| v. | : |
| ALLEN BROS. WHOLESALE DISTRIBUTORS INC. *et al.*, | : |
| Defendants. | : |

**DEFENDANT COOPER-BOOTH WHOLESALE COMPANY'S
BRIEF IN SUPPORT OF MOTION TO CERTIFY FOR INTERLOCUTORY
APPEAL THE COURT'S ORDER OF JULY 29, 2008**

BLANK ROME LLP
CHRISTINE S. AZAR, ESQUIRE
I.D. No. 4170
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Phone: (302) 425-6400
Fax    (302) 425-6464

and

Stephen M. Orlofsky, Esquire
Kit Applegate, Esquire
Woodland Falls Corporate Park
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
Phone: (856) 779-3600
Fax:    (856) 779-7647

Attorneys for Defendant
Cooper-Booth Wholesale Company

Dated: August 7, 2008

110018.00602/30333259v.2

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS.................2

SUMMARY OF ARGUMENT ...............................................................................3

STATEMENT OF FACTS .....................................................................................4

ARGUMENT........................................................................................................6

        A.    Whether The USCA Is Preempted By The Sherman Act Is A Controlling Question Of Law .....................................................6

        B.    There Is Substantial Ground For Difference Of Opinion As To Whether, After Leegin, Proof That A Conspiracy Among Competitors Exists Is A Legal Prerequisite For Establishing Sherman Act Preemption ...............................................................7

        C.    The Resolution Of Whether The UCSA Is Preempted By The Sherman Act Will Materially Advance The Ultimate Termination Of The Litigation......................................................12

CONCLUSION...................................................................................................13

# TABLE OF AUTHORITIES

## CASES

*324 Liquor Corp. v. Duffy,*
    479 U.S. 335 (1986) ................................................................................*passim*

*California Retail Liquor Dealers Association v. Midcal Aluminum, Inc.,*
    445 U.S. 97 (1980) ..................................................................................*passim*

*Cearley v. General American Transportation Corp.,*
    186 F.3d 887 (8th Cir. 1999) ............................................................................ 6

*Cipollone v. Liggett Group, Inc.,*
    789 F.2d 181 (3d Cir. 1986) ............................................................................. 7

*Dehoyos v. Allstate Corp.,*
    345 F.3d 290 (5th Cir. 2003) ............................................................................ 6

*Freedom Holdings, Inc. v. Spitzer,*
    357 F.3d 205 (2d Cir. 2004) ........................................................................... 10

*Kapossy v. McGraw-Hill, Inc.,*
    942 F. Supp. 996 (D.N.J. 1996) ...................................................................... 11

*Katz v. Carte Blanche Corp.,*
    496 F.2d 747 (3d Cir. 1974) ............................................................................. 6

*Leegin Creative Leather Products, Inc. v. PSKS, Inc.,*
    127 S. Ct. 2705 (2007) ............................................................................*passim*

*McFarlin v. Conseco Services, LLC,*
    381 F.3d 1251 (11th Cir. 2004) ...................................................................... 12

*Palmer v. Liggett Group, Inc.,*
    825 F.2d 620 (1st Cir. 1987) ............................................................................ 7

*Rodriguez de Quijas v. Shearson/American Express, Inc.,*
    490 U.S. 477 (1989) ....................................................................................... 11

*Shalala v. Illinois Council on Long Term Care, Inc.,*
    529 U.S. 1 (1999) ........................................................................................... 10

110018.00602/30333259v.2

*Taylor v. PPG Industries, Inc.*,
    256 F.3d 1315 (Fed. Cir. 2001) .................................................................................. 6

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*,
    460 U.S. 533 (1983) ..................................................................................................10

**FEDERAL STATUTES**

6 *Del. C.* §§ 2601-2608 ................................................................................................... 1, 2

15 U.S.C. § 1 .................................................................................................................... 1, 2

28 U.S.C. § 1292(b) ............................................................................................. 1, 2, 3, 6, 12

**MISCELLANEOUS**

I Phillip E. Areeda and Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust
    Principles and Their Application* ¶ 217 (Rev. Ed. 1997) ........................................ 9

110018.00602/30333259v.2

## INTRODUCTION

Defendant Cooper-Booth Wholesale Company ("Cooper-Booth") brings this motion to request that the Court, under 28 U.S.C. § 1292(b), certify for immediate interlocutory appeal its Order of July 29, 2008, so the Third Circuit may address whether, in view of the Supreme Court's recent opinion in *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 127 S.Ct. 2705 (2007), proof that a conspiracy among competitors exists is a legal prerequisite to finding the Delaware Unfair Cigarette Sales Act ("UCSA"), 6 *Del. C.* §§ 2601 – 2608, preempted by Section 1 of the Sherman Act, 15 U.S.C. § 1.

## STATEMENT OF THE NATURE
## AND STAGE OF THE PROCEEDINGS

Plaintiff L.J. Zucca, Inc. ("Zucca") filed this lawsuit in the Court of Chancery of the State of Delaware for New Castle County. Defendant Cooper-Booth Wholesale Company ("Cooper-Booth") timely removed the matter to this Court on the basis of diversity jurisdiction. Following removal, Zucca filed a First Amended Verified Complaint. Count I of Zucca's First Amended Verified Complaint charges that all of the defendants have violated the Delaware Unfair Cigarette Sales Act, 6 *Del. C.* §§ 2601 – 2608.

Cooper-Booth filed an Answer and a motion under Rule 12(c) for partial judgment on the pleadings on the ground that the Delaware Unfair Cigarette Sales Act is preempted by Section 1 of the Sherman Act, 15 U.S.C. § 1. Cooper-Booth withdrew that motion and refiled an amended motion on March 12, 2008. In an Order and Memorandum Opinion dated July 29, 2008, the Court denied Cooper-Booth's motion. Cooper-Booth now files this motion to have the Court, under 28 U.S.C. § 1292(b), certify for immediate interlocutory appeal its Order of July 29, 2008.

## SUMMARY OF ARGUMENT

The three elements necessary for certification of the Court's Order of July 29, 2008, under 28 U.S.C. § 1292(b) are present in this case. First, whether the Delaware Unfair Cigarette Sales Act ("UCSA") is preempted by the Sherman Act is a Controlling Question of Law. Second, there is substantial ground for a difference of opinion as to whether, after the Supreme Court's decision in *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 127 S.Ct. 2705 (2007), proof that a conspiracy among competitors exists is a legal prerequisite for establishing Sherman Act preemption. Third, resolution of whether the UCSA is preempted by the Sherman Act will materially advance the ultimate termination of this litigation.

## STATEMENT OF FACTS

Zucca and the defendants, including Defendant Cooper-Booth, are wholesale distributors of cigarettes to convenience stores and other retail outlets in Delaware. *See* Amend. Compl. ¶¶ 6, 11.

Zucca alleges that the defendants "have sold and continue to regularly sell cigarettes below their cost and the minimum prices prescribed by applicable laws, with the intent to remove or substantially lessen competition in Delaware." *Id.* ¶ 12.

As a result, Zucca alleges that it has been "damaged by its loss to the defendants of substantial business in the form of existing and potential customers, the loss of market share, and ultimately the loss of revenue." *Id.* ¶ 14.

Zucca has brought claims against the defendants for violation of the Delaware Unfair Cigarette Sales Act ("UCSA"), 6 Del. C. §§ 2601 – 2608, tortious interference with existing contracts, tortious interference with prospective economic advantage, and unfair competition. Cooper-Booth filed a motion for partial judgment on the pleadings contending that the UCSA was preempted by the Sherman Act.

This Court, in an Order dated July 29, 2008, denied Cooper-Booth's motion. In a Memorandum Opinion issued that same day, the Court explained that Cooper-Booth could not satisfy the first step of the three-step preemption analysis the Supreme Court set forth in *California Retail Liquor Dealers Association v. Midcal Aluminum, Inc.*, 445 U.S. 97 (1980), and *324 Liquor Corp. v. Duffy*, 479 U.S. 335 (1986). This Court explained that, in view of the Supreme Court's recent opinion in *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 127 S.Ct. 2705 (2007), it could not read *Midcal* or *324 Liquor* as

110018.00602/30333259v.2

supporting the proposition that a per se violation of the Sherman Act can be found absent proof that a conspiracy in fact exists between competitors:

> In view of Leegin, the Court does not read either Midcal or 324 Liquor as indicating that per se violations of the Sherman Act, such as horizontal price fixing, can be found absent proof that conspiracy among competitors exists.

Mem. Op. at 7-8. The Court did not analyze the remaining two prongs of the preemption analysis, writing in its Memorandum Opinion:

> Having concluded that Cooper-Booth has failed to satisfy the first prong of the test to determine whether the Sherman Act preempts the UCSA, the Court declines to address Cooper-Booth's other arguments concerning the two remaining prongs of the test.

Mem. Op. at 8. Cooper-Booth then filed this motion on August 8, 2008, for certification of the Court's Order of July 29, 2008.

## ARGUMENT

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for immediate appeal if it:

(1) involves a controlling question of law;

(2) there is substantial ground for difference of opinion as to the question of law; and

(3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

*See* 28 U.S.C. § 1292(b).

As explained below, all three elements weigh in favor of certifying this Court's Order of July 29, 2008, for immediate interlocutory appeal.

### A.  Whether The USCA Is Preempted By The Sherman Act Is A Controlling Question Of Law.

A controlling question of law includes one which "if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). As the Third Circuit explained in *Katz*, "controlling" means "serious to the conduct of the litigation, either practically or legally. And on the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of the statute] to be a highly relevant factor." *Id.* (citation omitted).

As applied here, whether state law claims are preempted by federal law is a controlling question of law that is appropriate for interlocutory review. *See, e.g., Dehoyos v. Allstate Corp.*, 345 F.3d 290, 294 (5th Cir. 2003); *Taylor v. PPG Industries, Inc.*, 256 F.3d 1315, 1316 (Fed. Cir. 2001); *Cearley v. General American Transportation*

6

*Corp.*, 186 F.3d 887, 889 (8th Cir. 1999); *Palmer v. Liggett Group, Inc.*, 825 F.2d 620, 622 (1st Cir. 1987); *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 183 (3d Cir. 1986).

Accordingly, the first prong of the Section 1292(b) test weighs in favor of granting Cooper-Booth's motion.

### B. There Is Substantial Ground For Difference Of Opinion As To Whether, After *Leegin*, Proof That A Conspiracy Among Competitors Exists Is A Legal Prerequisite For Establishing Sherman Act Preemption.

In *California Retail Liquor Dealers Association v. Midcal Aluminum, Inc.*, 445 U.S. 97 (1980), and *324 Liquor Corp. v. Duffy*, 479 U.S. 335 (1986), the Supreme Court addressed the issue of Sherman Act preemption and set forth a three-step test for determining whether a state statute is preempted by the Sherman Act. Step one, as this Court correctly noted in its Memorandum Opinion of July 29, 2008, is whether the conduct required by the state statute is a per se violation of the Sherman Act. As it so happened, the conduct at issue in *Midcal* and *324 Liquor* involved vertical price fixing in the form of minimum resale price maintenance, which at the time was considered a per se violation of the Sherman Act. In June 2007, however, the Supreme Court issued its decision in *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 127 S.Ct. 2705 (2007), and held that minimum resale price maintenance would no longer be considered a per se violation of the Sherman Act.

The resulting impact, if any, that *Leegin* has on the three-step Sherman Act preemption analysis set forth in *Midcal* and *323 Liquor* is subject to a substantial difference of opinion because there is more than one way of reading *Leegin*.

7

One way is to read *Leegin* as having no impact on the three-part test set forth in *Midcal* and *324 Liquor*. Under this reading, *Midcal* and *324 Liquor* set forth a three-part test for Sherman Act preemption. Step one is whether the conduct required by the state statute is a per se violation of the Sherman Act. And now in light of *Leegin*, vertical price fixing in the form of minimum resale price maintenance may no longer satisfy step one of the *Midcal/324 Liquor* analysis, because minimum resale price maintenance is no longer considered a per se violation of the Sherman Act. Under this reading, the three-part test announced in *Midcal/323 Liquor* remains good law. The only thing that *Leegin* changed was to exclude minimum resale price maintenance as the basis for mounting a Sherman Act preemption argument.

Another way to read *Leegin* is that it somehow altered or changed the elements of the three-part test for Sherman Act preemption set forth in *Midcal* and *324 Liquor*. That is how this Court read *Leegin*. This Court in its Memorandum Opinion noted that Cooper-Booth cited *Midcal* "for the proposition that a state regulatory program may take the place of an agreement between competitors in establishing a violation of the Sherman Act." Op. at 7. The Court then distinguished Cooper-Booth's reliance on *Midcal* by noting that it involved resale price maintenance, which after *Leegin* is no longer considered a per se violation of the Sherman Act:

> As Cooper-Booth itself notes (D.I. 47 at 1) however, resale price maintenance is a form of *vertical* price fixing, which, after <u>Leegin</u>, is no longer considered a per se violation of the Sherman Act.

Mem. Op. at 7. The Court distinguished Cooper-Booth's reliance on *324 Liquor* for the same reason, stating:

> Similarly, the other case Cooper-Booth cites to support its proposition that the Court can find a per se violation of the Sherman Act absent an actual agreement among competitors, <u>323 Liquor Corp. v. Duffy</u>, also concerns a resale price maintenance regime, which the Supreme Court characterized as a vertical, rather than horizontal, form of price fixing.

Mem. Op. at 7.

This Court then said, in view of *Leegin*, it could not read *Midcal* or *324 Liquor* as supporting the proposition that a per se violation of the Sherman Act can be found absent proof that a conspiracy in fact exists between competitors:

> In view of <u>Leegin</u>, the Court does not read either <u>Midcal</u> or <u>323 Liquor</u> as indicating that per se violations of the Sherman Act, such as horizontal price fixing, can be found absent proof that conspiracy among competitors exists.

Mem. Op. at 7-8.

Proof that a conspiracy among competitors exists, however, was not one of the three requirements the Supreme Court set forth in *Midcal* and *324 Liquor* for finding a state statute preempted by the Sherman Act. As Cooper-Booth noted in its reply brief in support of its motion for partial judgment on the pleadings, "[t]here was *no* proof of an 'agreement' in [*Midcal* or *324 Liquor*], but the Supreme Court still found the state statutes preempted." (D.I. No. 58 at 10.) With respect to *Midcal*, Cooper-Booth cited the leading antitrust treatise's explanation why:

> [T]he California statute was preempted by federal antitrust law, and the reason was clear: although not requiring an "agreement" as such, it brought about the same marketplace result as illegal resale price maintenance agreements.

(D.I. No. 58 at 10 (*quoting* I Phillip E. Areeda and Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 217 at 307 (Rev. Ed. 1997))).

9

The case law Cooper-Booth cited in its reply brief had also interpreted the Supreme Court's holdings in *Midcal* and *324 Liquor* as not requiring proof of a contract, combination or conspiracy. *See, e.g., Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 223 n.17 (2d Cir. 2004) ("[T]he Supreme Court has made it clear that an actual 'contract, combination or conspiracy' need not be shown for a state statute to be preempted by the Sherman Act."). This Court, however, said that "[i]n view of Leegin," it could "not read either Midcal or 323 Liquor as indicating that per se violations of the Sherman Act, such as horizontal price fixing, can be found absent proof that conspiracy among competitors exists." Mem. Op. at 7-8. In the Court's opinion, *Leegin* altered the *Midcal/324 Liquor* preemption analysis.

Cooper-Booth respectfully submits that there is substantial ground for a difference of opinion as to whether, after *Leegin*, proof that a conspiracy among competitors exists is a legal prerequisite for establishing Sherman Act preemption. Nowhere in *Leegin* did the Supreme Court indicate that it was altering the three-part test it set forth in *Midcal* and *324 Liquor* for analyzing whether a state statute is preempted by the Sherman Act to now require proof that a conspiracy among competitors exists. "Needless to say, only [the Supreme Court] may overrule one of its precedents." *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983). And it "does not normally overturn, or so dramatically limit, earlier authority *sub silentio*." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (1999). In that regard, the Supreme Court has unequivocally stated:

> If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions,

10

> the Court of Appeals should follow the case which directly
> controls, leaving to this Court the prerogative of overruling its
> own decisions.

*Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484-85 (1989).

Given that proof of a conspiracy among competitors is not an element of the three-part test as stated in *Midcal* and *324 Liquor* and that the Supreme Court did not indicate in *Leegin* that it was adding to or altering the elements of the three-part test in *Midcal* and *324 Liquor*, Cooper-Booth respectfully submits that there is substantial ground for a difference of opinion as to the question of whether, after *Leegin*, proof that a conspiracy among competitors exists is a legal prerequisite to establishing Sherman Act preemption.

Mere disagreement with this Court's ruling, Cooper-Booth acknowledges, does not create a "substantial ground for difference of opinion." *See Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (Orlofsky, J.). "Rather, the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard." *Id.* That threshold is met here because, as mentioned above, the Supreme Court in *Leegin* did not address what is required to prove that a state statute is preempted by the Sherman Act and did not indicate that it was overruling or in any way altering the three-part test it set forth in *Midcal* and *324 Liquor*. The Supreme Court in *Leegin* simply held that vertical minimum resale price maintenance was no longer to be considered a per se violation of the Sherman Act. Cooper-Booth's motion did not challenge the UCSA as being a vertical restraint, but rather contended it was a horizontal restraint. Given this, Cooper-Booth submits that there is substantial ground for a difference of opinion as to what

effect, if any, the Supreme Court intended *Leegin* to have on the three-part test it set forth in *Midcal* and *324 Liquor* and whether this Court was correct to rule, in view of *Leegin*, that proof of a conspiracy among competitors is a legal prerequisite to finding a state statute preempted by the Sherman Act. Accordingly, this prong of the Section 1292(b) inquiry also weighs in favor of granting Cooper-Booth's motion.

### C. The Resolution Of Whether The UCSA Is Preempted By The Sherman Act Will Materially Advance The Ultimate Termination Of The Litigation.

The third prong of Section 1292(b) requires that resolution of a "controlling question of law . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). What this means is "that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Here, if the Third Circuit were to find that the UCSA was preempted by the Sherman Act, that decision would terminate this litigation. All of Zucca's claims are premised on the defendants' alleged violation of the UCSA. *See* Am. Compl. ¶¶ 37, 46, 52, 54. Accordingly, if the UCSA is preempted, then all of Zucca's remaining claims fall by the wayside as well. Therefore, the third prong of the Section 1292(b) inquiry also weighs in favor of granting Cooper-Booth's motion.

## **CONCLUSION**

For all of the foregoing reasons, Defendant Cooper-Booth Wholesale Company's Motion to Certify for Interlocutory Appeal the Court's Order of July 29, 2008, should be **GRANTED.**

                                          Respectfully submitted,

                                          **BLANK ROME LLP**

Dated: August 7, 2008
                                          CHRISTINE S. AZAR, ESQUIRE
                                          (I.D. No. 4170)
                                          1201 Market Street, Suite 800
                                          Wilmington, Delaware 19801
                                          Phone: (302) 425-6400
                                          Fax    (302) 425-6464

                                          and

                                          Stephen M. Orlofsky, Esquire
                                          Kit Applegate, Esquire
                                          Woodland Falls Corporate Park
                                          210 Lake Drive East, Suite 200
                                          Cherry Hill, New Jersey 08002
                                          Phone: (856) 779-3600
                                          Fax:   (856) 779-7647

                                          Attorneys for Defendant
                                          Cooper-Booth Wholesale Company

## CERTIFICATE OF SERVICE

I, Christine S. Azar, Esquire, certify that on August 7, 2008, I served a copy of **Defendant Cooper-Booth Company's Brief in Support of Motion to Certify for Interlocutory Appeal the Court's Order of July 29, 2008** upon the following counsel in the manner indicated below:

### VIA ELECTRONIC SERVICE

Candice Toll Aaron, Esquire
Kimberly M. Large, Esquire
Saul Ewing LLP
222 Delaware Ave., Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Attorneys for Plaintiff
L.J. Zucca, Inc.

James W. Semple, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
Attorneys for Defendant
Allen Bros. Wholesale Distributors, Inc.

David E. Brand, Esquire
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
Wilmington, DE 19899
Attorneys for Defendant
Eby-Brown Company, LLC

David S. Eagle, Esquire
KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP
919 Market Street, Suite 1000
Wilmington, DE 19801
Attorneys for Defendant
Western Skier, Ltd. f/k/a Klein Candy Co., LP

_____
Christine S. Azar
I.D. No. 4170