## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L.J. ZUCCA, INC.,                              :
                                               :
          Plaintiff,                       :   Civil Action No.: 1:07-cv-00002 (JJF)
                                               :
   v.                                        :
                                               :
                                               :   Removed from Chancery Court
ALLEN BROS. WHOLESALE                          :   New Castle County, Delaware
DISTRIBUTORS INC.; COOPER-BOOTH                :   C.A. No. 2572-N
WHOLESALE COMPANY; EBY-BROWN                   :
COMPANY LLC; and WESTERN SKIER,                :   JURY TRIAL DEMANDED
LTD. F/K/A KLEIN CANDY CO. LP,                 :
                                               :
          Defendants.                      :

## PLAINTIFF L.J. ZUCCA, INC.'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT COOPER-BOOTH WHOLESALE COMPANY'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL <u>THE COURT'S ORDER OF JULY 29, 2008</u>

**SAUL EWING LLP**
Candice Toll Aaron (DE ID No. 4465)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899-1266
(302) 421-6800 (Phone)
(302) 421-6813 (Fax)
caaron@saul.com

-and-

Daniel R. Chemers
W. Damon Dennis
Pervis Chris Lee
Lockwood Place
500 East Pratt Street, Suite 900
Baltimore, MD 21202-3171
(410) 332-8600 (Phone)
(410) 332-8862 (Fax)
dchemers@saul.com
ddennis@saul.com
plee@saul.com

*Counsel for L.J. Zucca, Inc.*

Dated: September 4, 2008

561409.1 9/4/08

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ............................. 1

SUMMARY OF ARGUMENT .......................................................................... 1

STATEMENT OF FACTS ............................................................................... 2

ARGUMENT ............................................................................................ 3

    A.    Governing Preemption Principles ................................................ 3

    B.    This Court's July 29, 2008 Ruling ............................................... 5

    C.    Cooper-Booth's Request for Certification Is Erroneous ...................... 6

CONCLUSION ........................................................................................ 8

## TABLE OF AUTHORITIES

### FEDERAL CASES

*324 Liquor Corp. v. Duffy,* 479 U.S. 335 (1986)................................................................6, 7

*Akerly vs. Red Barn Sys., Inc.,* 551 F.2d 539 (3rd Cir.1977) ...........................................6

*Cal. Retail Liquor Dealers Assoc. v. Midcal Aluminum, Inc.,* 445 U.S. 97 (1980).............4, 5, 6, 7

*Coopers & Lybrand v. Livesay,* 437 U.S. 463 (1978) ........................................................6

*Fisher v. City of Berkeley,* 475 U.S. 260 (1986) ..............................................3, 4, 5, 7

*InterVest, Inc. v. Bloomberg, L.P.,* 340 F.3d 144 (3d Cir. 2003) ...........................................3, 5, 7

*Leegin Creative Leather Products, Inc. v. PSKS, Inc.,* 127 S. Ct. 2705 (2007)..........................5, 7

*Schwegmann Bros. v. Calvert Distillers Corp.,* 341 U.S. 384 (1951)........................................4, 5

*United States v. Parke, Davis & Co.,* 362 U.S. 29 (1960)..................................................5

### FEDERAL STATUTES

28 U.S.C. § 1292(b)..........................................................................................6, 7, 8

### STATE STATUTES

*6 Del. C.* §§ 2601, *et. seq*..................................................................................2

*6 Del. C.* § 2602(4) ..........................................................................................2

On July 29, 2008, this Court rejected Defendant Cooper-Booth Wholesale Company's[1] Motion for Judgment on the Pleadings, stating that the Delaware Unfair Cigarette Sales Act, 6 *Del. C.* §§ 2601-2608 ("UCSA") did not on its face require horizontal price-fixing among cigarette wholesalers ("The Ruling"). The Ruling rests upon well-established legal principles. L.J. Zucca, Inc. ("Zucca") respectfully submits that Cooper-Booth's pending motion arguing that The Ruling is controlled by a legal issue on which there is a substantial ground for a difference of opinion is without merit.

### STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Zucca accepts Cooper-Booth's Statement of the Nature and Stage of Proceedings. *See* Cooper-Booth's Memorandum in Support of Motion to Certify for Interlocutory Appeal the Court's Order of July 29, 2008 at 2 (D.I. 66).

### SUMMARY OF ARGUMENT

This Court denied Cooper-Booth's Motion for Judgment on the Pleadings on July 29, 2008, stating that

> the UCSA does not mandate cooperation, nor even communication, between or among wholesalers, rather, it mandates only that individual wholesalers not sell cigarettes for less than the acquisition costs of those cigarettes. Pursuant to *InterVest*, the Court concludes that Cooper-Booth has not established that the UCSA mandates conduct which could be a *per se* violation of the Sherman Act and accordingly, the Court concludes that Cooper-Booth has not demonstrated that the UCSA is preempted by the Sherman Act.

Mem. Op., at 8. (D.I. 62). The Ruling relied upon the provisions of the UCSA, the fact that those provisions did not require or enable wholesalers to conspire with each other, and well-

---

[1]      Cooper-Booth Wholesale Company will be referred to hereafter as "Cooper-Booth."

established principles of antitrust law and antitrust preemption. The Ruling was <u>not</u> controlled by a legal principle as to which there is a substantial ground for a difference of opinion.

**STATEMENT OF FACTS**

On Cooper-Booth's Motion for Judgment on the Pleadings, this Court accepted Zucca's allegations that Cooper-Booth and the other defendants had willfully and routinely violated the UCSA and thereby injured Zucca. *See* Am. Compl. (D.I. 6 ¶ 32).

The record before the Court showed that the UCSA became part of the law of Delaware in 1953. In the UCSA, Delaware prohibited wholesalers from charging less than Delaware-mandated minimum prices ("statutory minimums") when they sold cigarettes to retailers. Delaware specified in the UCSA the particular formula to be used in calculating the statutory minimums, and the various inputs to be used in that formula. *See* 6 *Del. C.* § 2602(4).

Delaware chose to include in its minimum price formula the invoice prices that cigarette manufacturers charge wholesalers, thereby permitting the statutory minimums to flex with each manufacturer's price changes over time. *See id.* Each cigarette manufacturer establishes its own invoice prices for each of its cigarette brands in accordance with prevailing market conditions. *See* Leffler Aff. ¶ 4 (D.I. 55). The UCSA does not regulate cigarette manufacturer pricing. *See generally*, 6 *Del. C.* §§ 2601, *et. seq.*; Leffler Aff. ¶ 5 (D.I. 55).

Each cigarette manufacturer presents its invoice prices to wholesalers on a take-it or leave-it basis. *See* Leffler Aff. ¶ 4 (D.I. 55). Cigarette wholesalers have no ability, either individually or collectively, to affect the UCSA's statutory minimums. *Id.* at ¶ 6. Those minimums are the State's directives. *Id.* at ¶ 5.

## ARGUMENT

The record before this Court demonstrated that the State of Delaware, through the UCSA, directed wholesalers to charge no less than the statutory minimums, and did not give those wholesalers any ability to affect or control the statutory minimums. This Court's conclusion that the UCSA did not mandate horizontal price-fixing followed ineluctably from those facts.

> At this juncture Cooper-Booth has not pointed to any allegations by Zucca that would indicate the existence of a conspiracy or agreement among the wholesalers governed by the UCSA. For its part, the UCSA does not mandate cooperation, nor even communication, between or among wholesalers, rather, it mandates only that individual wholesalers not sell cigarettes for less than the acquisition costs of those cigarettes. Pursuant to *InterVest*, the Court concludes that Cooper-Booth has not established that the UCSA mandates conduct which could be a *per se* violation of the Sherman Act.

Mem. Op., at 8. (D.I. 62). Cooper-Booth's request that this Court certify this Ruling for interlocutory appeal is based upon its fundamental misunderstanding of the law of antitrust preemption and the basis of this Court's decision.

### A.    Governing Preemption Principles

The essential element of a horizontal price-fix is a <u>conspiracy</u> affecting price among the parties engaged in the price-fix. *E.g.*, *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159 (3d Cir. 2003). That is why the Supreme Court requires that a statute mandate a <u>conspiracy</u> among price-fixers to support a preemption challenge based upon horizontal price-fixing. The Supreme Court made this clear in *Fisher v. City of Berkeley*, 475 U.S. 260 (1986), in which a group of landlords challenged a city rent-control ordinance on the grounds (*inter alia*) it mandated horizontal price-fixing by the landlords constrained by the maximum rent levels in the ordinance. *Id.* at 263. Observing that those rent levels had been unilaterally imposed by the government

upon the landlords, the Court found there was no concerted action among the landlords and, therefore, no horizontal price-fixing. *Id.* at 270.

The Court emphasized in *Fisher* that a restraint imposed upon private parties by a State does not satisfy the concerted action requirement of Section 1 of the Sherman Act.  It explained:

> The ordinary relationship between the government and those who must obey its regulatory commands whether they wish to or not is not enough to establish a conspiracy.  Similarly, the mere fact that all competing property owners must comply with the same provisions of the Ordinance is not enough to establish a conspiracy among landlords.  Under Berkeley's Ordinance, control over the maximum rent levels of every affected residential unit has been unilaterally removed from the owners of those properties. ...  The owners of residential property in Berkeley have no more freedom to resist the City's rent controls than they do to violate any other local ordinance enforced by substantial sanctions.

*Id.* at 267.

The Supreme Court observed there might be instances in which a state-administered price stabilization scheme was effectively "a private price-fixing conspiracy, concealed under a 'gauzy cloak of state involvement'." *Id.* at 269 (citing *Cal. Retail Liquor Dealers Assoc. v. Midcal Aluminum, Inc.*, 445 U.S. 97, 106 (1980)).  However, there was "no indication [in the record] that such corruption has tainted the rent controls imposed by Berkeley's Ordinance." *Fisher* at 269.  The Court therefore ruled:

> Because under settled principles of antitrust law, the rent controls established by Berkeley's Ordinance lack the element of concerted action needed before they can be characterized as a *per se* violation of [§ 1] of the Sherman Act, we cannot say that the Ordinance is facially inconsistent with the federal antitrust laws.

*Id.* at 270 (citing *Rice v. Norman Williams Co.,* 458 U.S. 654, 661 (1986)).

The Supreme Court was well aware in *Fisher* that it had not required traditional conspiracy evidence in its earlier decisions in *Midcal* and *Schwegmann Bros. v. Calvert Distillers Corp.,* 341 U.S. 384 (1951), but it distinguished those as "hybrid restraints" involving

state regulatory regimes that granted suppliers discretionary power over the <u>resale</u> prices charged

by their customers, thereby enabling those suppliers to effectuate <u>vertical</u> price-fixing absent a

traditional conspiracy.[2]    This variation in treatment was consistent with the fundamental

difference between vertical price-fixing and horizontal price-fixing, with the former historically

subjected to a less-demanding "joint action" evidentiary requirement than the latter. *Compare*,

*e.g.*, *United States v. Parke, Davis & Co.*, 362 U.S. 29, 47 (1960) (inferring joint action absent

free choice in vertical context) *with InterVest*.    In *Fisher*, the Supreme Court expressly

recognized that the "hybrid restraint" concept was <u>not</u> applicable in the horizontal price-fixing

context.

## B.    This Court's July 29, 2008 Ruling

This Court's denial of Cooper-Booth's Motion for Judgment on the Pleadings echoes the

Supreme Court's decision in *Fisher*.  More particularly, this Court found that the UCSA did not

mandate an agreement or cooperation or even communication between or among wholesalers

concerning the statutory minimum prices.  This Court further stated there was no evidence to

indicate the existence of a conspiracy or agreement among wholesalers that was concealed under

a gauzy cloak of state involvement.  Just as the Supreme Court properly rejected the plaintiff's

challenge to Berkeley's Ordinance in *Fisher*, this Court properly rejected Cooper-Booth's

challenge to Delaware's UCSA because that statute did not mandate horizontal price-fixing by

private actors.[3]

---

[2]    At the time *Midcal* and *Schwegmann* were decided, vertical price-fixing was a *per se* Sherman Act violation. The *per se* status of vertical price-fixing was changed by the Supreme Court's decision in *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 127 S. Ct. 2705 (2007).

[3]    As a review of cases such as *Midcal* and *Fisher* indicates, courts typically address Sherman Act preemption as a two-prong analysis:  the first prong requires proof of an agreement or conspiracy constituting a *per se* violation (or, in the vertical price-fixing context when vertical price-fixing was *per se* offense, proof that a statute enabled a supplier to fix a customer's resale price at a level of the supplier's choosing); and, if the first prong is satisfied, the second prong requires the party defending the regulation to prove active State

**C.    Cooper-Booth's Request for Certification Is Erroneous**

A district court is to certify an order for interlocutory appeal only if the order:

>    (1)    Involves a controlling question of law;
>
>    (2)    There is substantial ground for difference of opinion as to the question of law; and
>
>    (3)    An immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b). The Supreme Court has made it clear that these requirements are to be construed strictly, with certification being granted only where "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). The principal purpose of Section 1292(b) is to avoid harm to litigants or to avoid unnecessary or repeated, protracted proceedings. *Akerly vs. Red Barn Sys., Inc.*, 551 F.2d 539, 543 (3d Cir. 1977). Such a purpose will not be furthered here, as Cooper-Booth's request for certification is premised upon the mistaken proposition that Supreme Court decisions on antitrust preemption do not require evidence of a conspiracy or even communication among those persons allegedly engaged in horizontal price-fixing.

Cooper-Booth appears to misread both *Midcal* and *324 Liquor Corp. v. Duffy*, 479 U.S. 335 (1986), not as limited exceptions to the general rule that evidence of a traditional conspiracy or agreement is necessary for a facial Sherman Act preemption challenge, but rather as decisions establishing a general rule that evidence of a conspiracy is *never* required for a facial preemption

---

supervision of the statutorily-mandated private price-fixing. In its July 29 decision, this Court ruled in Zucca's favor on the first prong, finding no evidence of a conspiracy or agreement (which subsumed a ruling that was no basis for considering or finding a "hybrid restraint"). Cooper-Booth refers to a three-prong test for preemption, with hybrid conduct being a separate prong, but it should be noted that this construct is not found in any of the cited cases.

challenge, including challenges based upon a claim of horizontal price-fixing. Having erroneously posited that *Midcal* and *324 Liquor Corp.* established a general rule that proof of a conspiracy is *never* needed on a preemption challenge, Cooper-Booth goes on to argue that this Court ignored this imagined rule and improperly required Cooper-Booth to adduce evidence of a conspiracy or agreement among alleged horizontal wrongdoers to support its preemption challenge.

It is Cooper-Booth, not this Court, that has misread the law. The showing that is required when a facial preemption challenge is based upon horizontal price-fixing is reflected in cases such as *InterVest* and *Fisher*. The ruling in *Fisher* makes clear that evidence of a conspiracy among the alleged horizontal price-fixers is required in such circumstances.

Framed in the language of 28 U.S.C. § 1292(b), Cooper-Booth's motion does not raise a question of law on which there is a substantial ground for difference of opinion. What Cooper-Booth needed to prove on its underlying motion is reflected in cases such as *Fisher* and *InterVest*. While Cooper-Booth (based upon its misunderstanding of Supreme Court precedent) disagrees with the manner in which this Court applied that precedent to the facts of record, that is not a basis for finding that this Court's July 29th Order was premised on a novel issue of law as to which there is a substantial ground for a difference of opinion.[4]

A related reason for rejecting Cooper-Booth's instant motion is that the issue of law it proposes for certification is not controlling (*i.e.*, it is not outcome-determinative). The fact that Delaware imposed minimum prices on wholesalers required a rejection of Cooper-Booth's

---

[4]    Cooper-Booth overreaches in arguing that its motion involves a novel issue of law. Cooper-Booth asserts this Court read *Leegin* as changing the conspiracy evidence required on a horizontal price-fixing preemption challenge. This assertion is incorrect as it is based upon the erroneous premise that the Supreme Court did not, before *Leegin*, require traditional conspiracy evidence on a preemption challenge based upon horizontal price-fixing.

preemption challenge to the UCSA even if a "hybrid restraint" analysis were theoretically applicable to a horizontal price-fixing challenge involving facts and circumstances not present here. Under 28 U.S.C. § 1292(b), an issue is not to be certified for appeal unless (unlike here) it is controlling and may materially advance the ultimate termination of the litigation.

## CONCLUSION

This Court properly concluded that the UCSA did not mandate horizontal price-fixing among wholesalers, as the record showed that the UCSA directed wholesalers to charge no less than the statutory minimums, and gave those wholesalers no ability to affect or control the statutory minimums. This Court's Ruling was not controlled by a legal principle as to which there is a substantial ground for a difference of opinion. Zucca respectfully asks this Court to deny Cooper-Booth's pending motion.

[*Signature to follow*]

Respectfully submitted,

**SAUL EWING LLP**

_____/s/ Candice Toll Aaron_____
Candice Toll Aaron (DE ID No. 4465)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899-1266
(302) 421-6800 (Phone)
(302) 421-6813 (Fax)
caaron@saul.com

-and-

Daniel R. Chemers
W. Damon Dennis
Pervis Chris Lee
500 East Pratt Street, Suite 900
Baltimore, MD  21202-3171
(410) 332-8600 (Phone)
(410) 332-8862 (Fax)
dchemers@saul.com
ddennis@saul.com
plee@saul.com

Dated:  September 4, 2008                    _Counsel for L.J. Zucca, Inc._